# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

## AFFIDAVIT IN SUPPORT OF PLAINTIFFS MOTION FOR DEFAULT JUDGMENT

See attached adversarial cases
of 09·AP-09069: 75 + 74

DEC 11 2009 PM04:02



BY:

M. REGINA THOMAS,
CLERK

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

3

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

Northern District of Georgia

In re **GLENN ROYCE FAVRE** _____          Case No. **08-85264mh** _____
        Debtor                                               (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont

Page 2

    ❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

    **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

    ❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

        ❏ **Incapacity.** (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
        ❏ **Disability.** (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
        ❏ **Active military duty** in a military combat zone.

    ❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

    **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: 12/09/2009

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT

Northern District of Georgia

In re **GLENN ROYCE FAVRE** _____ ,

Debtor

Case No. **08-85264-mhm**

Chapter **7**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| Stockbuilding Suntrust Mortgage | Monica Gilroy, Movant 26 Corporate Counsel | Top To Bottom Renovations | Contingent | 0.00 |
| | | Favre & Bennett, LLC | Subject to Setoff | 248,000.00 |
| American Express | PAYMENT CENTER AMEX | Top To Bottom Renovations. | Contingent | 0.00 |
| innovative Merch | | Top To Bottom Renovatio | Contingent | 0.0.0 |

Date: **Deceember 9, 2009**

_____
Debtor

*[Declaration as in Form 2]*

B6C (Official Form 6C) (12/07)

In re   **Glenn Royce Favre**
_____
Debtor

Case No. _____

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| house & lot @ | Ga. Code Ann. § 44-13-100(a)(1) | 10,000.00 | 130,000.00 |
| 8240 Lakeview Court | Ga. Code Ann. § 44-13-100(a)(6) | 505.00 | |
| Rex, GA 30273 | | | |
| house under construction & lot @ | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 153,000.00 |
| 1914 E. Columbus Drive | | | |
| Tampa, FL 33605 | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| checking - Wachovia | Ga. Code Ann. § 44-13-100(a)(6) | 25.00 | 25.00 |
| Top to Bottom Renovations, LLC business checking - Wachovia | Ga. Code Ann. § 44-13-100(a)(6) | 10.00 | 10.00 |
| Top to Bottom Renovations, LLC business checking - Washington Mutual | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
| checking - Washington Mutual | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
| checking - Bank of America | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
| savings - Wachovia | Ga. Code Ann. § 44-13-100(a)(6) | 10.00 | 10.00 |
| savings - Bank of America | Ga. Code Ann. § 44-13-100(a)(6) | 50.00 | 50.00 |
| **Household Goods and Furnishings** | | | |
| household goods | Ga. Code Ann. § 44-13-100(a)(4) | 3,000.00 | 3,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| paintings, books & cds | Ga. Code Ann. § 44-13-100(a)(4) | 300.00 | 300.00 |
| **Wearing Apparel** | | | |
| clothing | Ga. Code Ann. § 44-13-100(a)(4) | 400.00 | 400.00 |
| **Furs and Jewelry** | | | |
| jewelry | Ga. Code Ann. § 44-13-100(a)(5) | 300.00 | 300.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| camera | Ga. Code Ann. § 44-13-100(a)(4) | 500.00 | 500.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| IRA | Ga. Code Ann. § 44-13-100(a)(2.1) | 90.00 | 90.00 |
| **Stock and Interests in Businesses** | | | |
| Top to Bottom Renovations, LLC and Well Hung Gallieries, Inc. - no cash value | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
| **Accounts Receivable** | | | |
| Ken Krell | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 94,000.00 |

___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Favre BK7 Credit Labels - Copy
EXHIBIT "A"

CERTIFICATE OF SERVICE


IN RE:  Case 08-85264-mhm
GLENN ROYCE FAVRE, 8670

U.S. BANKRUPCTY COURT
Northern District of Georgia
Atlanta Division
727 Complaint Filed 10/14/2009



U.S. TRUSTEE
GREGORY HAYS
HAYS FINANCIAL CONSULTING

ATTORNEY FOR U.S. TRUSTEE
ALEX TEEL, ESQ.
Lamberth, Cifelli, Stokes, Ellis & Nason, P.
3343 Peachtree Road, NE
Suite 550
Atlanta, GA 30326-1428

Office of the US Trustee
Suite 362
75 Spring Street, SW
Atlanta, GA 30303-3330

Atlanta Division
1340 Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303-3315

Attorney For Debtor
Angela Little Hamilton

Page 1

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

_Dale Capelouto_____

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_110 S. Columbia Dr. 11_____

_Decatur GA_____

Address

x _____                           _12·11-09_____

Signature of Bankruptcy Petition Preparer                               Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.* 11 U.S.C. § 110; 18 U.S.C. § 156.

2

## DECLARATION UNDER PENALTY OF PERJURY

## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I **DALE CAPELOUTO,** Secretary of Top To Bottom Renovations, LLC and authorized agent of Favre & Bennett, LLC named in the debtors in this case under penalty of perjury that I have read the foregoing Notice of Motion for Relief of Stay, **FORM 2: LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS, EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT** and Top To Bottom Renovations & Favre & Bennett, LLC, Reaffirmation and Proposed Reorganization an Repayment Plan Dated December 9, 2009, is "true and correct" to the best of my information and belief.

Date: December 9, 2009

DALE CAPELOUTO
Secretary, Top To Bottom Renovations, LLC
& Authorized Agent, Favre & Bennett, LLC

CJA 28D (04/04)

## Investigative Services Summary Budget Worksheet
## for Non-capital Representations with the Potential for Extraordinary Cost

This summary budget worksheet summarizes anticipated investigative services. The document should be submitted to the court in representations that "appear likely to become or have become extraordinary in terms of potential cost" as set forth in subparagraph 2.22B(4) of the Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Volume VII, *Guide to Judiciary Policies and Procedures*. The accompanying detailed budget worksheet may be of assistance to counsel in preparing the summary. The document automatically totals hours and dollar amounts.

**Date:** DECEMBER 10, 2009

**Case Name:** OPERATION MALICIOUS MORTGAGE & FERA, FCA, AND PATRIOT ACT III, FINANCIAL FRAUD ENFORCEMENT RECOVERY ACT

**Case Number:** 08-85264-MHM

**Name of Investigator** DALE CAPELOUTO, EMC SEARCH

**Hourly Rate:** 150.00

|  | Investigator Hours |
|---|---|
| **I. Discovery/Document Review** (including documents and information generated by defense investigation) 21 CP - WHOLE LOANS FROM EQUITY INVESTMENT BANKING FIRMS AND INSURANCE UNDERWRITERS **CFTC CDO/CMO TRADED CONTRACT WARRANTS** | |
| **Hours:** | 0 |
| **II. Investigation and Witness Interviews** (including travel and interview time) THE 13 WIMER CASES NORTH CAROLIA WESTERN DISTRICT **FAVRE & BENNETT, LLC** **BERNICE AND DARRYLL GRIFFIN** | |
| **Hours:** | 0 |
| **III. Meetings with Defense Attorneys, Client, and Expert Witnesses** (including travel and meeting time) CHARLES HALL OJEDA HOPPS COLLINS JASON LESSINGER | 8000 15500 |
| **Hours:** | 23500 |

CJA 28D (04/04) Investigative Services Summary/Page 3

**Approved Case Budget for Investigative Services:**

**Investigator Time**

Hourly Rate: _____

Hours: _____

Fees Approved (hours multiplied by hourly rate): _____ 0.00

**Travel Costs:** _____ 1,700.00

**Other Miscellaneous Costs and Expenses:** _____ 5,200.00

**Grand Total Budget for Investigator:** | 6,900.00 |

CJA 28D (04/04) Investigative Services Summary/Page 2

## VII. Other Miscellaneous Costs and Expenses

| | |
|---|---:|
| PACER | 700.00 |
| PRINTING, SHIPPING, ETC | 4,500.00 |
| **Costs and Miscellaneous Expenses:** | 5,200.00 |

CJA 28D (04/04) Investigative Services Summary/Page 2

## IV. Other Meetings
(including travel and meeting time with prosecutors and case agents)
GREG FOWLER, NEW YORK, FBI, National Counter Terrorism Unit,          4500
Provide Blank U.S. Patriot Act Form From Mezzanine Level Financing
Responsible for over 65 Billion in Transfer from Investment Banking
Securities Without Identification...Requested By R. Mac Namera
BSA...FRB and OGC

PROSEPCT CAPITAL, Lead Attoney's for Municipal Pension Funds,
New York Police Department, Fire Departent, Teachers TIACRAF,
Healthcare Workers and Teamsters

Belmont Holdings v. SunTrust Bank Inc.
Northern District Georgia
Federal Question RE: SEC, CFTC violations and false statements by
Executives of SunTrust Bank, Inc.

| | |
|---|---|
| **TAMPA, FLORIDA, April 2009** | 3500 |
| **Hours:** | 8000 |

## V. Court Time
(including travel, testifying, and assisting counsel at trial and hearings)

| | |
|---|---|
| TAMPA FLORIDA | 3600 |
| FLIGHT, HOTEL TRAVEL FOR ALLEN S. BENNTT AND GLENN FAVRE | 1200 |
| **Hours:** | 4800 |

| | |
|---|---|
| **Grand Total Hours:** | 36300 |

## VI. Travel Costs

(Note to Court: If extensive out-of-district investigator travel is
anticipated, the Court may wish to require a more detailed travel budget.
In addition, the court should determine whether it will issue "blanket"
travel authorization for all specified and budgeted trips, or whether it will
approve the investigator travel "seriatim.")

| | |
|---|---|
| NEW YORK, NY | 800.00 |
| **TAMPA, FL** | 900.00 |
| **NORTH CAROLINA "13 WIMER CASES"** | |
| | 1,700.00 |

Form B2
6/90

## Form 2. DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

### UNITED STATES BANKRUPTCY COURT

NORTHERN _____ **DISTRICT OF** GEORGIA _____

In re  GLENN ROYCE FAVRE _____ ,       Case No. 08-85264-MHM _____

               **Debtor**       Chapter   727 FILED _____

I, GLENN ROYCE FAVRE _____

[the president *or* other officer *or* an authorized agent of the corporation] [*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing COMPLAINT FOR DAMAGES TO THE NOTE, MORTGAGE AND OTHER EQUITIBLE RELIEF EXHIBIT A.  SEE EXHIBIT B ORDER OF DISCHARGE 11 USC 524.

[list *or* schedule *or* amendment *or* other document (describe)] and that it is true and correct to the best of my information and belief.

Date  30 NOVEMBER 2009 _____

Signature _____

Glenn Royce Favre, Managing Partner, Favre & Bennett, LLC
**(Print Name and Title)**

2002 © American LegalNet, Inc.

B6A (Official Form 6A) (12/07)

In re    **Glenn Royce Favre**                                                    Case No. _____
                                                   Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| house & lot @<br>6240 Lakeview Court<br>Rex, GA 30273 | titled to debtor | H | 130,000.00 | 110,693.00 |
| house under construction & lot @<br>1914 E. Columbus Drive<br>Tampa, FL 33605 | titled to debtor | H | 153,000.00 | 253,500.00 |

# Attachment C

| | | |
|---|---|---|
| Sub-Total > | **283,000.00** | (Total of this page) |
| Total > | **283,000.00** | |

**0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

## CERTIFICATE OF SERVICE

I, __GLENN ROYCE FAVRE et.al.__ , certify that I am, and at all times during the
(name)

service of process was, not less than 18 years of age and not a party to the matter concerning which service of
process was made. I further certify that the service of this summons and a copy of the complaint was made

FILED OCT 3 0 2009 by: 7009 1680 0000 1844 2165

[X] Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

MONICA GILROY, DICKENSON GILROY, TITLE AGENT SERVICES & CORPORATE COUNSEL FOR:
SUNTRUST BANK, INC.; SUNTRUST MORTGAGE, INC.; OLD REPUBLIC TITLE INSURANCE (GA)
DICKENSON GILROY, LLC   3780 MANSELL ROAD, SUITE 140  ALPHARETTA, GEORGIA 30022
SUNTRUST MOVANT 26  08-85264 &  DEFENDANT ADV CASE NO: 09-9069 & 09-9075-AMENDED

[ ] Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

[ ] Residence Service: By leaving the process with the following adult at:

[X] Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed
to the following officer of the defendant at:

RAYMOND FORTIN, GENERAL COUNSEL,  BK 08-85264 -MHM 727 COMPLAINT ADV 09-9069 & 09-9075
SUNTRUST BANK, INC.
303 PEACHTEE STREET SUTIE 140
ATLANTA, GA 30303                        7009 1680 0000 1844 2141

[X] Publication: The defendant was served as follows: [Describe briefly]

ADV. CASE NO: 09-9069 & 09-9075
PARTIES, ACTIONS AND ORDER TO SHOW CAUSE UNDER CONSIDERATION AS PARTIES ARE
INTERRELATED WITHOUT DISCLOSURE BUT MAY BE CONSOLIDATED. MERS CORPORATION

[X] State Law: The defendant was served pursuant to the laws of the State of ____GEORGIA  /  FLORIDA____ ,
as follows: [Describe briefly]                                            (name of state)

ALICE HUNEYCUTT & TINA FISHER    DON GRIFFITH     REPUBLIC MORTGAGE INS. CO.
401 E JACKSON 22 2200            77 WATER ST      101 NORTH CHERRY STREET
SUNRUST FINANCIAL CTR.          NY NY 10008      WINSTON, NC 27101
TAMPA FL 33602  ST MORT.        STRH STIS        OWEN GJIARD FNF & CHICAGO TITLE UCC PLUS

Under penalty of perjury, I declare that the foregoing is true and correct.

7009 1680 0000 1844 2158

FILED OCT 3 0 2009
Date

90-9075  10- 16- 09

, 90-9075
Amended.
10/30/09

| Print Name | GLENN ROYCE FAVRE | | |
| --- | --- | --- | --- |
| Business Address | 110 S COLUMBIA DR 11 | | |
| City | DECATUR | State  GA | Zip  30030 |

**Page 20 of 20**

2002 © American LegalNet, Inc.

Form 210B (10/06)

# United States Bankruptcy Court

_Northern_ District Of _Georgia_

In re _Glenn Boyd Favero_ ,      Case No. _08-85264-mhm_

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _09-9091_ (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the
alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim
Other than for Security in the clerk's office of this court on _11/12/09_ (date).

_GLENN R. FAVERO_
Name of Alleged Transferor

_Gregory Heyd_
Name of Transferee

Address of Alleged Transferor:

Address of Transferee:

───────────────────────────────────

The alleged transferor of the claim is hereby notified that objections must be filed with the court
within twenty (20) days of the mailing of this notice. If no objection is timely received by the court,
the transferee will be substituted as the original claimant without further order of the court.

Date: **FILED NOV 1 2 2009**

─────────────────────────
CLERK OF THE COURT

American LegalNet, Inc.
www.FormsWorkflow.com

# Sign-Up Form for
# Direct Deposit
## of Federal Benefit Payments

**GO direct** ®

You may also sign up online today at www.GoDirect.org
or call **Go Direct** toll free at 1 (800) 333-1795

(for social security, railroad retirement board, civil (non-military)
retirement payments or VA only).

FMS Form 1200 (July 2009) Previous versions obsolete        OMB No. 1510-0007

## DIRECTIONS

Please read the information on page 2 before completing this form. **You must complete boxes A, B, C, D, E and F.**
Only complete this form to sign up for direct deposit if you are an individual, or a representative payee of an individual, who receives checks
for the following types of federal benefits: **social security, supplemental security income, railroad retirement, civil (non-military)
retirement, or VA (compensation or pension only). If you currently receive your payment by direct deposit you may not use
this form. Please refer to page 2 for further instructions.**

## A. FEDERAL BENEFIT RECIPIENT INFORMATION
*(print name[s] and address exactly as they appear on your benefit check)*

NAME OF PERSON ENTITLED TO GOVERNMENT BENEFITS (BENEFICIARY)
GLENN ROYCE FAVRE

REPRESENTATIVE PAYEE? Yes ☐ *(if yes, enter name at right)* No ☒        NAME OF REPRESENTATIVE PAYEE

ADDRESS *(street, route, P.O. box, apartment number)*
110 S COLUMBIA DR 11

CITY *(or APO/FPO)*        STATE        ZIP CODE
DECATUR        GA        30030

DAYTIME TELEPHONE NUMBER
( 404 ) 373 - 1,137

SOCIAL SECURITY NUMBER OF PERSON ENTITLED TO GOVERNMENT BENEFITS (BENEFICIARY)
562 — 79 — 8670

## B. BANK OR CREDIT UNION INFORMATION

DEPOSITOR ACCOUNT TITLE *(name[s] on account)*
GLENN FAVRE  DALE CAPELOUTO

ACCOUNT TYPE        ** 9-DIGIT ROUTING NUMBER *(see sample check below)*
Checking ☑   Savings ☐        061000227

** ACCOUNT NUMBER *(see sample check below; do not include check number)*
1010258796977

** You may also attach a voided personal check. If you are depositing into a savings account, you
may need to contact your financial institution to obtain the routing and account numbers.

**SAMPLE CHECK** *(bottom left corner)* ➡

⑈111999087⑈ ⑈98765543⑈ ┃ ┃0001┃

## C. TYPE OF PAYMENT *(check only one)*  You must complete a separate form for each type of federal payment.

☑ SOCIAL SECURITY  ☐ SUPPLEMENTAL SECURITY INCOME  ☐ VA (COMP/PENSION ONLY)

**For military, federal salary, veterans benefits or other federal payments
not available through Go Direct, please contact the paying agency
(see page 2 for a partial list of paying agencies.)**

RAILROAD RETIREMENT *(specify below)*
Annuity benefit ☐    Unemployment survivor benefit ☐

CIVIL (NON-MILITARY) RETIREMENT *(specify below)*
Retirement annuity ☐    Survivor annuity ☐ ____

## D. IDENTIFICATION

CLAIM NUMBER
SEE WHISTLE BLOWERS CLAIM NJMBERS        **OR**

In order to process your request, **either** the claim
number (found on documents from your paying
agency) **or** the check number from your last
payment (found in the upper right-hand corner
of your Treasury check) **must be entered** at left.

CHECK NUMBER (YOUR MOST RECENT PAYMENT)

## E. PAYMENT VERIFICATION

*You must **also** enter the amount
of your last benefit payment.*

AMOUNT OF YOUR MOST RECENT PAYMENT

$ ___ . ___

## F. CERTIFICATION

I certify that I am entitled to receive the payment identified above, and that I have
read and understand the back of this form. In signing this form, I authorize this
payment to be sent to the financial institution named in Part B above, to be
deposited into the account above.

SIGNATURE        DATE
12-8-09

### FOR JOINT ACCOUNT HOLDERS

I certify that I have read the SPECIAL NOTICE TO JOINT ACCOUNT
HOLDERS on the back of this form.

SIGNATURE        DATE

**Be sure to complete all sections of this form.
Otherwise, the form cannot be processed.
Return the completed form to:**

**Go Direct Processing Center
U.S. Department of the Treasury
P.O Box 650527
Dallas, TX 75265-0527**

Favre BK7 Credit Labels - Copy

etc.
Senior Vice President
Omaha Claims Center Manager
13710 First National Bank, Pkw, Suite 200
Omaha, NE 68154
402-498-7000

SunTrust Mortgage, Inc. 09-9069 & 09-9075
c/o Dickenson Gilroy LLC
Attention: Monica K. Gilroy, Esq.
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, GA 30022-8299

AMERICA'S SERVICING COMPANY 09-9077
SUNTRUST MORTGAGE, INC ASC
MERS MEMBER
SHAPIRO & SWERTFEGER
2872 WOODCOCK BOULEVARD
SUITE 100
ATLANTA, GA 30341-4015

Americas Servicing Company 09-9077
SUNTRUST INVESTMENT SERVICER
MERS MEMBER
7485 New Horizon Way
Frederick, MD 21703-8388

Innovative Merchant Services 09-9075
ATTN: HEATHER
26520 Agoura Road
Calabasas, CA 91302-1921

Page 4

Favre BK7 Credit Labels - Copy

CLAIMANT
110 S COLUMBIA DR 11
DECATUR, GA 30030
404-373-1137

Suntrust Bank Holdings, Inc. et. al.   09-9069 &
09-9075
Suntrust Robinson Humphry
Suntrust Investments
Raymond Fortin, Corporate Counsel SunTrust Banks, Inc.
Ivestor M Douglas

Monica Gilroy, Corporate Counsel   09-9069 &
09-9075
Suntrust Banks, Inc.
Suntrust Mortgage, Inc
Old Republic Title Insurance
Legacy Title Agecy
Fidelity National Title Affiliate UCC Plus
Builder/Lender Escrow and Foreclosure Lender
Services GA

Goldman Sachs, Holding, Inc. et. al. 09-9069 &
09-9075
Don Griffith
77 Water Street
New York, NY 10008
85 Broad Street
New York NY 10008
See UPS Signature Tracking Receipt Attached "A"

Fidelity National Financial Group   09-9069 &
09-9075
Owen Gijard, Corporate Counsel
Chicago Title, UCC Plus, Fidelity National Title

Page 3

Favre BK7 Credit Labels - Copy
543 E. Lanier Avenue
Fayetteville, GA 30214-2240

Goldman Walker Kline
Lien and Asset Recovery
U.S. Department of Trustee EUOST

I HEREBY CERTIFY THAT ON _____ OCTOBER 2009 THE
FOREGOING SUMMONS,
THE COURT HAS FIXED A DEADLINE FOR FLING AND ANSWER
OR MOTION IN 30 DAYS.
ON ___ OCTOBER 2009 THE SERVICE OF COMPLAINT WAS
RECEIVED ON 01
OCTOBER 2009.
ON 11 NOVEMBER 2009 THAT NO ANSWER OR MOTION HAS
BEEN RECEIVED WITHIN THE
TIME LIMIT FIXED BY THE COURT OR BY THE BANKRUPTCY
RULE 7012(a).
THIS CERTIFICATE OF SERVICE AND AFFIDAVIT
CONTAINING THE ABOVE FACTS
HAVE BEEN FILED BY 12 NOVEMBER 2009, WITHIN 20 DAYS
IN RECEIPT OF
THE LETTER DATED 9 NOVEMBER 2009, PERMITTING THE
CLERK TO ENTER A DEFAULT
UPON PRESENTMENT WITH THE FACTS MADE TO APPEAR BY
AN AFFIDAVIT, TO
HAVE MET THE COURTS CONDITIONS.

GLENN ROYCE FAVRE, 8670

Page 2

# United States Bankruptcy Court

## NORTHERN____ District of GEORGIA

In re: __GLENN FAVRE____          Case No. __08-85264-MHM____
      Debtor(s)

### ORDER ON DEBTOR'S APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE

Upon consideration of the debtor's "Application for Waiver of the Chapter 7 Filing Fee," the court orders that the application be:

[ ] GRANTED.

   This order is subject to being vacated at a later time if developments in the administration of the bankruptcy case demonstrate that the waiver was unwarranted.

[ ] DENIED.

   The debtor shall pay the chapter 7 filing fee according to the following terms:

   $ _____ on or before _____

   $ _____ on or before _____

   $ _____ on or before _____

   $ _____ on or before _____

   Until the filing fee is paid in full, the debtor shall not make any additional payment or transfer any additional property to an attorney or any other person for services in connection with this case.

   IF THE DEBTOR FAILS TO TIMELY PAY THE FILING FEE IN FULL OR TO TIMELY MAKE INSTALLMENT PAYMENTS, THE COURT MAY DISMISS THE DEBTOR'S CASE.

[ ] SCHEDULED FOR HEARING.

   A hearing to consider the debtor's "Application for Waiver of the Chapter 7 Filing Fee" shall be held

   on _____ at _____ am/pm at _____.
                                  (address of courthouse)

   IF THE DEBTOR FAILS TO APPEAR AT THE SCHEDULED HEARING, THE COURT MAY DEEM SUCH FAILURE TO BE THE DEBTOR'S CONSENT TO THE ENTRY OF AN ORDER DENYING THE FEE WAIVER APPLICATION BY DEFAULT.

                                    BY THE COURT:

DATE: _____              _____
                              United States Bankruptcy Judge

American LegalNet, Inc.
www.FormsWorkflow.com

B3B (Official Form 3B) (12/07) – Cont.

# United States Bankruptcy Court

## NORTHERN     District of GEORGIA

In re: GLENN FAVRE                              Case No. 08-85264-MHM
                Debtor(s)

### ORDER ON DEBTOR'S APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE

Upon consideration of the debtor's "Application for Waiver of the Chapter 7 Filing Fee," the court orders
that the application be:

[ ] GRANTED.

   This order is subject to being vacated at a later time if developments in the administration of the
   bankruptcy case demonstrate that the waiver was unwarranted.

[ ] DENIED.

   The debtor shall pay the chapter 7 filing fee according to the following terms:

   $ _____ on or before _____

   $ _____ on or before _____

   $ _____ on or before _____

   $ _____ on or before _____

   Until the filing fee is paid in full, the debtor shall not make any additional payment or transfer any
   additional property to an attorney or any other person for services in connection with this case.

   IF THE DEBTOR FAILS TO TIMELY PAY THE FILING FEE IN FULL OR TO TIMELY MAKE
   INSTALLMENT PAYMENTS, THE COURT MAY DISMISS THE DEBTOR'S CASE.

[ ] SCHEDULED FOR HEARING.

   A hearing to consider the debtor's "Application for Waiver of the Chapter 7 Filing Fee" shall be held

   on _____ at _____ am/pm at _____ .
                                             (address of courthouse)

   IF THE DEBTOR FAILS TO APPEAR AT THE SCHEDULED HEARING, THE COURT MAY
   DEEM SUCH FAILURE TO BE THE DEBTOR'S CONSENT TO THE ENTRY OF AN ORDER
   DENYING THE FEE WAIVER APPLICATION BY DEFAULT.

                                              BY THE COURT:

DATE: _____                              _____
                                              United States Bankruptcy Judge

American LegalNet, Inc.
www.FormsWorkflow.com



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| GLENN FAVRE | § | CASE NO 08-85264-MHM |
| DEBTOR | § | |
| | § | |
| | § | |
| Allen Scott Bennett pro se | § | |
| Glenn R. Favre pro se | § | |
| Dale Capelouto pro se | § | |
| CLAIMANT/PLAINTIFF | §THE HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | |
| | § | ADVERSARIAL PROCEEDING |
| GOLDMAN SACHS, HOLDINGS, INC., et al | § | |
| | § | |
| SUNTRUST BANK | § | 09-AP-09069 |
| HOLDINGS, INC et al | § | |
| | § | |
| FIDELITY NATIONAL | § | AND |
| FINANCIAL GROUP, INC., et al | § | |
| | § | |
| SUNTRUST MORTGAGE, INC., et al | § | |
| OLD REPUBLIC NATIONAL TITLE, INC., et al | § | 09-AP-09075 |
| | § | |
| DEFENDANT | § | |

**PLAINTIFF'S MOTION FOR AN INJUNCTIVE RELIEF AGAINST THE DEFENDANTS' ATTORNEYS, MONICA GILROY ESQ., AND ALICE HUNEYCUTT ESQ., AS AGENTS' OF THE RECIPIENTS OF THE TARP FUND, FOR THEIR WILLFUL VIOLATIONS AND MALICIOUS INTENT TO HARM THE PLAINTIFF, , WITH REGARDS TO FRAUD ENFORCEMENT AND RECOVERY ACT OF 2009 ("FERA")**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE DEFENDANTS FOR THE WILLFUL VIOLATION OF THE A DISCHARGE UNDER SECTION 727 AND THE AFFECTS OF THE DISCHARGE ORDER 11 USC § 524**

**MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANTS FOR FAILING TO ANSWER THE SUMMONS UNDER FED BANK R. 7012**

1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

COMES NOW GLENN FAVRE, Allen Scott Benntt and Dale Capelouto and

files for a motion for Injunctive Relief, Motion for Summary Judgment and Motion for

Default Judgment against the Defendants and shows this Honorable Court:

## THE DEFENDANTS HAVE VIOLATED "FERA" THE NEW

## SECTIONS 3729(A)(1)(A), (B), (C), (G),[1]

<u>Case History</u>

The defendants, through their agents, who are agents of the recipient of the TARP

FUND, have submitted false claims and documents to this Honorable Court on January

20, 2009 and continue to submit to this Honorable Court, with the intent to conceal,

knowingly making, used, and causes to be made and used, false records and statements

material to the obligation to pay or transmit money or property to the Government, and

knowingly conceals and knowingly and improperly avoids or decreases an obligation to

pay, such as when found to be in violation in these adversarial hearings, would be

---

[1] The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:
(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
[ . . . ] or
(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay

2

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

required to pay into "The Fund" held by the United States Treasury, and the repayment of the TARP FUND.

To hide the identity of the defendants majority stock holder Warren Buffett, specifically by the attorney for; SunTrust bank, Holding, inc, SunTrust Mortgage, inc., Fidelity National Financial Group, and Old Republic National Title, Movant 26, Monica Gilroy, ESQ., of Dickenson Gilroy, LLC., not disclosing that she represents all the interest of all of the Defendants, during the 341 meeting of creditors, showing a willful intent to deceive this Honorable Court and that of the Trustee Gregory Hayes, by concealing the direct conflict of interest with each of the Defendants to one another, to Warren Buffett; who is a majority stock holder BERKSHIRE HATHAWAY Inc, which is the Beneficial Owner in Moody's, which is a majority holding of Old Republic National Title, Inc. Being on the Board of Directors of Goldman Sachs, SunTrust Bank Holdings, Inc., shows that Warren Buffett, along with his interest in Berkshire Hathaway, has a conflict of interest with all of the companies that represent the class "Defendants" , and that of the Monica Gilroy, ESQ., and has filed motions for dismissal, claiming that SunTrust Bank Holdings, Inc is not a legal entity and that Fidelity Financial Group, Inc., is not a Party of this suite, when Fidelity Financial Group, Inc. is the sole provider of the UCC Plus Insurance Policy that insured all of the securitized loans that Moody's Credit Rating Service, Inc. grades as a "Neutral Rating", to deceive the share holder and the Government of the over valued equity per share. Traded on the Commodity Futures Trade Commission Market (CFTC) as Contract Mortgage Obligation (CMO) and Contract Debt Obligations (CDO).

3

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

The Plaintiffs primary residence was transacted identically the same way as the

investment properties that the Plaintiff holds and has interest in form <u>SunTrust Bank</u>

<u>Holdings, Inc., SunTrust Mortgage, Inc., Berkshire Hathaway and Goldman Sachs, Inc.,</u>

and were all underwritten by <u>Old Republic National Title, Inc and Fidelity Financial</u>

<u>Group, Inc.,</u> proving the conflict of interest and the willful intent to deceive and conceal

the facts to this Honorable Court.

**The Defendants have violated the discharge Order of the Chapter 7**

**Bankruptcy, section 727 11 USC 524 of the Plaintiff that this honorable Court**

**issued on April 9, 2009**

Alice Huneycutt, ESQ., of <u>Stems Weaver Miller Weissler Alhadeff & Sitterson,</u>

<u>PA.</u> in Florida, in **an Order to Show Cause** by the Honorable James M. Barton in the

13th Circuit Civil Court of Hillsborough County, Florida, as to why SunTrust is still

moving against the property of the estate, which was included disclosed and filed in the

schedule of assets, which was discharged in the Order from this Honorable Court, stated

to the Honorable James M. Barton that the estate was discharge under section 727 11

USC § 523 when in fact it was discharged under section 727 11 USC § 524[2].. See an

---

1(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an
individual debtor from any debt—
11 USC § 523
(B) with respect to which a return, or equivalent report or notice, if required—
(i) was not filed or given; or
(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable
law or under any extension, and after two years before the date of the filing of the petition; or
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent
obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the
debtor's or an insider's financial condition;
(B) use of a statement in writing—
(i) that is materially false;(ii) respecting the debtor's or an insider's financial condition; (iii) on which

4

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

**order denying a motion for injunctive relief and summary judgment** by The

Honorable Judge Margaret Murphy of the United States Bankruptcy Court Northern

District of Georgia, in an attempt to deceive the Honorable Judge James M. Barton, and

have him rule in favor of the Plaintiff in the matter of SunTrust Mortgage, Inc v COX

LUMBER CO. d/b/a HD SUPPLY LUMBER & BUILDING MATERIALS a/k/a HD

Supply – LBM Cox Lumber Co and Glenn Favre pro se, civil case number 08-CA-

017979.

The Defendant's attorneys have violated 11 USC §524 by moving forward and

continuing to move against the injunctive relief that arises after the discharge and are

attempting to utilize the state laws under Florida and Georgia; section 454.23, Florida

Statutes (2006), prohibiting the unlicensed practice of law by an individual for a

corporate entity. <u>eces v. Atlanta technology group inc.,</u> 267 Ga. 801, 803, 485 S.Ed.2d,

22, 25 (GA 1997) to continue with the law suites by naming the corporations and adding

---

the creditor to whom the debtor is liable for such money, property, services, or credit reasonably
relied; and (iv) that the debtor caused to be made or published with intent to deceive;

Verses

**11 USC § 524. Effect of discharge**
(a) A discharge in a case under this title--
**(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of
the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141,
1228, or 1328 of this title, whether or not discharge of such debt is waived;**
(2) operates as an injunction against the commencement or continuation of an action, the
employment of process, or an act, to collect, recover or offset any such debt as a personal liability of
the debtor, whether or not discharge of such debt is waived; and
(3) operates as an injunction against the commencement or continuation of an action, the
employment of process, or an act, to collect or recover from, or offset against, property of the debtor
of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the
case, on account of any allowable community claim, except a community claim that is excepted from
discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in
accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the
debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor,
whether or not discharge of the debt based on such community claim is waived.
²

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

"John Does" to the case as members of the corporations, with regards to stopping the pro

se litigation by amending the original complaint filed in 2008, in an effort to prevent the

plaintiff from pro se litigating the case in Florida. By including the corporations that

were administratively dissolved in 2008 in Florida and were included and disclosed in my

chapter 7 as business debt, the willful attempt to conceal or deceive the Courts with this

action is yet another violation of 11 USC § 524 and FCA and FERA by the Defendants

and adding yet another financial hardship to the Plaintiff.


## THE DEFENDANTS FAILED TO ANSWER THE SUMMONS

## ISSUED OCTOBER 16, 2009 BY THE HONORABLE COURT

## VIOLATING UNDER FED BANK R. 7012[3]

---

**Major FCA Amendments Expanding Liability** Under the FERA, the key liability sections of the FCA remain the provisions addressing false claims, false statements supporting false claims, conspiracy, and the reverse false claims and obligation provisions. These provisions have been renumbered as well as expanded to cover additional conduct. **The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G); [ . . . ] or (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.**

Many of the key changes are in the definitions, found in section 3729(b). **Elimination of Allison Engine's Intent Requirement:** Under the Supreme Court's unanimous decision in Allison Engine Co. v. United States ex rel. Sanders, 128 S. Ct. 2123 (2008), FCA liability was limited to fraudulent statements that were designed "to get" false claims paid or approved "by the Government." See FraudMail Alert No. 08-06-09. See also John. T. Boese, Civil False Claims and Qui Tam Actions §2.06[G] (3d ed. 2006 & Supp. 2009-1). The Supreme Court's interpretation in Allison Engine no longer applies after the FERA because the new conspiracy section was drafted to cover only a conspiracy "to get a false claim paid or approved." Courts had properly interpreted this language to limit the conspiracy section to apply only to violations of then-subsection 3729(a)(1), and not to violations of the reverse false claim provision. Moreover, the conspiracy section required that the government pay the false claim. The new conspiracy section, 31 U.S.C. § 3729(a)(1)(C), **expands the conspiracy section to include a conspiracy to commit a violation of any other substantive section of the FCA.** The amendment also eliminates the need for the false claim to be paid or approved, and assesses liability for conspiring to commit the violation. Importantly, the word

6

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

"knowingly" still does not appear in the language of the new conspiracy section, so the argument remains that a common law liability, including specific intent, is still required to prove a conspiracy under the FCA.

**Liability for Overpayments:** The amended reverse false claims liability provision in section law removes both the "to get" language and the "by the Government" limitation in section 3729(a)(2)—as well as comparable language in sections 3729(a)(3) and (a)(7). Further, it attempts to make those changes in section 3729(a)(1)(B) effective as of June 7, 2009—the date Allison Engine was decided, The Court in Allison Engine found that, without a clear link between a false claim and payment or approval by the government, the FCA would be "boundless" and become an "all-purpose antifraud statute." 128 S. Ct. at 2128, 2130. To replace this rational limitation, the FERA adds a new definition of "claim," and FCA liability will be limited only by requiring some sort of nexus to the government. The FCA now covers requests for funds to a contractor, grantee, or other recipient, if the money or property requested "is to be spent or used on the Government's behalf or to advance a Government program or interest." The legislation does not define the key terms "used on the Government's behalf" or "to advance a Government program or interest," and presumably courts will have to decide their meaning on a case by case basis. No one knows the scope. Are government funds invested in GM or AIG "advanc[ing] a Government program" so that a false claim to those entities will violate the FCA and be enforced by qui tam relators?[3] Recognizing that this new language is not very clear, Senator Kyle attempted to limit its scope: [p]revious understanding, as well as commons sense, dictate that a particular transaction does not "advance a Government program or interest" unless it is predominantly federal in character—something that at least would require . . . that the claim ultimately results in a loss to the government . . . [rather than] any garden-variety dispute between a general contractor and a subcontractor simply because the general receives some federal money. 155 Cong. Rec. S4540 (daily ed. Apr. 22, 2009) (statement of Sen. Kyl). One hopes that Senator Kyle's interpretation is accepted. Future FCA case law will determine whether and to what extent Congress succeeded in overturning Allison Engine through the FERA.

**Materiality Requirement:** In addition to the nexus to the government requirement, the FERA, at long last, specifically incorporates a materiality requirement in the False Claims Act (a position the government and relators fought, without success, for over 15 years), but it defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property," which is the "weaker" materiality standard that has been applied in some FCA cases. See John T. Boese, Civil False Claims and Qui Tam Actions §2.04 (Aspen Publishers) (3d ed. & Supp. 2009-2). How much of a difference will this make? That depends entirely on how literally courts will read this provision. Almost every violation or mistake is arguably "capable of influencing" a payment decision by the government, but many courts in the past have read this test as strongly limiting the application of the FCA. For example, despite applying this "weaker" materiality standard, at least two courts have held that violations of "conditions of participation" in a Federal healthcare program do not result in FCA violations. See United States ex rel. Conner v. Salina Reg'l Health Ctr., 543 F.3d 1211 (10th Cir. 2008); United States ex rel. Landers v. Baptist Mem'l Health Care Corp. 525 F. Supp. 2d 972 (W.D. Tenn. 2007). **Conspiracy:** Under the prior FCA, the 3729(a)(1)(G) quoted above extends new liability to "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." **Under this provision, there is no need for a person to have taken an affirmative act—a false statement or record—in order to conceal, avoid, or decrease the obligation to the government.** This new provision is even more dangerous because an "obligation" is specifically defined to include within the scope of FCA liability the retention of an overpayment from the government. The term "improperly" is intended to limit this liability, and would presumably exclude overpayments such as those under Medicaid that undergo a reconciliation process. Practitioners will be required, almost immediately after passage, to begin to advise clients whether they have received "overpayments" and the potential liability that could result from retention of such overpayments. Moreover, even though this provision is not retroactive, an overpayment is an overpayment, whether it occurred before or after May 20, 2009. The government and relators are almost certain to argue that this provision applies to overpayments made before the date of the legislation. **Expanded Definition of "Obligation":** The definition of "obligation" that triggers reverse false claims liability is expanded

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

WHEREFORE, Plaintiff Glenn R. Favre pro se Allen Scott Bennett pro se, and

Dale Capelouto pro se requests this Honorable Court award the Motion for Injunctive

Relief against the Defendant's attorneys from continuing to willfully violate the Civil

False Claims Act.

The Plaintiff request this Honorable Court Award a SUMMARY JUDGMENT in

the Plaintiff's favor for the Defendant willful violations of the Discharge Order under

section 727 and show the Defendant what the actual affects of 11 USC § 524, calculated

from the Tier 3 violations.  Total fines of $1,000,000.00 per day, concurrent restitution

paid through "The Fund", held by the Untied States Treasury.

---

to encompass "an established duty, whether or not fixed" that arises from a contractual, grantee,
licensee, or fee-based relationship, from a statute or regulation, or from the retention of any
overpayment. According to government statements, this is intended to overturn, among other cases,
the Sixth Circuit's decision 10 years ago in United States ex rel. American Textile Manufacturers
Institute, Inc. v. The Limited, Inc., 190 F.3d 729 (6th Cir. 1999) ("ATMI"), which defined
"obligation" to include only established obligations to pay money to the government. In addition to
extending new liability to the retention of overpayments, this expanded definition seeks to extend
liability to duties to pay fees that were not covered previously because they were not fixed in all
particulars. Whether much of an expansion is actually achieved under this provision remains to be
seen because even the DOJ concedes that the new language is not intended to extend FCA liability to
penalties or fines. (The reader should note that the author represented many of the defendants in the
ATMI case.)Effective Date: Under the effective date provision in the FERA, the FCA liability
amendments would apply prospectively, with one important exception. The amendment to section
3729(a)(2)takes effect on the date that Allison Engine was decided—June 7, 2008—making that
amendment retroactive. The retroactivity of this amendment will raise a host of practical problems
in pending cases, and is almost certain to be challenged as unconstitutional because conduct which
the Supreme Court defined as outside the scope of FCA liability is, retroactively, now a violation.
Were this a normal civil statute, such retroactivity would be allowable. But the Supreme Court has
already defined the FCA as an "essentially punitive" statute. Vermont Agency of Natural Res. v.
United States ex rel. Stevens, 529 U.S. 765 (2000). Whether a clearly punitive statute can be applied
retroactively is a completely different question.  Additional FCA Amendments,  In addition to
amending the FCA's liability provisions, the FERA includes four other amendments that make recoveries
and investigations under the FCA easier. These amendments are as follows:  Retaliation: The prohibition
against retaliation is expanded to include a "contractor, or agent," in addition to an employee—without
requiring prohibited retaliatory acts to be taken by an "employer." Under this unusually broad definition, a
retaliation action could be based on many different types of relationships that do not involve an
employment contract, which could lead to\ unintended consequences.

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

The Plaintiff request that this Honorable Court enter an award for Default

Judgment for failing to respond to the Order of Summons issued on October 16, 2009.

For the willful intent to harm, willful violations to deceive this Honorable Court,

knowingly presenting and making false and fraudulent claims, in an attempt to receive

the approval of this court to rule in their favor, in direct violation of the "Fraud

Enforcement Act" (FERA), knowingly presented false record and made false statements,

material to the Plaintiff's claim that the Defendant willfully violated this courts order in

an attempt to resolve the fraudulent claims made by the Defendants; conspired

collectively to commit the violations, as described in subparagraph (A), (B), (D), (E), (F),

and (G) and  knowingly made, used, and causes to be made and used, a false record and

statements material to an obligation to pay or transmit money or property to the

Government, and knowingly conceals and knowingly and improperly avoids in an

attempt to decreases an obligation to pay or transmit money or property to the

Government.

Restitution will be calculated at 1% of each of the Defendants net Worth per

property that Plaintiff is a member of, to prove the Willful Violations of FCA, FERA, for

the Unfair and Deceptive Pattern, Practice and Trade with the intent to harm and further

asks that this Court award the Plaintiff all of his costs and any further relief which this

Court deems just and proper.  The payment of Contract Disputes Act (CDA) claims is

governed by 41 U.S.C. 612, Subsections 612(a) and 612(b). To prove the Willful

Violations with the intent to harm under FERA AND FCA and further asks that this

Court award the Plaintiff all of his costs and any further relief which this Court deems

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

just and proper.

The Plaintiff further request that this Honorable Court Sanction the Defendant

Attorney Alice Huneycutt ESQ. and that of Monica Gilroy, ESQ., for violations of

section 727 and that of the affects of 11 USC § 524, for the violations of The new

sections 3729(a)(1)(A), (B), (C), and (G) and find him in accordance with Tier 3 for the

FERA and the FCA at $1,000,000.00 per day that Monica Gilroy and Alice Huneycutt.,

has allowed these violation to continue and award to the Plaintiff the funds received from

this Judicial Ruling be paid through "The Fund" held by the United States Treasury in

accordance with The payment of Contract Disputes Act (CDA) claims is governed by

41 U.S.C. 612. Subsections 612(a) and 612(b).

**10**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

11.19.2009

Respectively Submitted

Glenn Favre pro se
110 South Columbia Drive #11
Decatur, Georgia 30030
404-373-1137

11.19.2009

Respectfully Submitted

Dale Capelouto
110 South Columbia Drive#11
Decatur Georgia 30030
4043731137

11.19.2009

Respectfully Submitted

Allen Scott Bennett
110 Northwold Drive
Atlanta Georgia 30350
6784742866

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

MONICA GILROY OF DICKENSON GILROY, LLC
CORPORATE COUNSEL:
SUNTRUST BANK, HOLDINGS, INC.
SUNTRUST MORTGAGE, INC.
FIDELITY NATIONAL FINANCIAL GROUP, INC.
OLD REPUBLIC NATIONAL TITLE, INC
3780 MANSELL ROAD SUITE 140
ALPHARETTA GA 30022

Alice R. Huneycutt , Esquire, STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.,
SUNTRUST MORTGAGE, INC,
SUNTRUST Financial Centre, Suite 2200
401 E. Jackson Street, P. O. Box 3299, Tampa,
FL 33601, and by facsimile to (813) 222-5089,

CHARLES K. MCKNIGHT, JR.
NATIONS, TOMAN & MCKNIGHT, LLP
1230 PEACHTREE STREET, NE
SUITE 2050
ATLANTA, GA 30309
404-266-2366
FAX : 404-266-2323
EMAIL: CMCKNIGHT@NTMLAW.COM
*LEAD ATTORNEY* THIS

12

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| GLENN FAVRE | § | CASE NO 08-85264-MHM |
| DEBTOR | § | |
| | § | |
| | § | |
| GLENN FAVRE pro se | § | |
| CLAIMANT/PLAINTIFF | § | THE HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | |
| | § | ADVERSARIAL PROCEEDING |
| Ray Martin | § | |
| DEFENDANT | § | 09-AP-09070 |

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2009 NOV 19 PM 02:46

H. REGINA THOMAS.
CLERK

BY:
DEPUTY CLERK

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANTS FOR FAILING TO ANSWER THE SUMMONS UNDER FED BANK R. 7012 VIOLATING THE FRAUD ENFORCEMENT RECOVERY ACT

COMES NOW GLENN FAVRE and files for a motion for a Default Judgment against the Defendant, shows this Honorable Court:

## THE DEFENDANTS FAILED TO ANSWER THE SUMMONS ISSUED OCTOBER 16, 2009 BY THE HONORABLE COURT VIOLATING UNDER FED BANK R. 7012[1]

WHEREFORE, Plaintiff Glenn R. Favre requests this Honorable Court award the Plaintiff the amount requested in the complaint and request that this Honorable Court enter an award for Default Judgment for failing to respond to the Order of Summons issued on October 16, 2009. For the willful intent to harm, willful violations to deceive

1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

this Honorable Court, knowingly presenting and making false and fraudulent claims, in

an attempt to receive the approval of the State Court of Fulton County to rule in his favor,

in direct violation of the "Fraud Enforcement Act" (FERA), knowingly presented false

record and made false statements, material to the Plaintiff's claim that the Defendant

willfully violated this courts order in an attempt to resolve the fraudulent claims made by

the Defendants; conspired collectively to commit the violations, as described in section

S.386 subparagraph (A), (B), (D), (E), (F), and (G) and knowingly made, used, and

causes to be made and used, a false record and statements material to an obligation to pay

or transmit money or property to the Government, and knowingly conceals and

knowingly and improperly avoids in an attempt to decreases an obligation to pay or

transmit money or property to the Government.

　　　　Restitution will be calculated at 1% of each of the Defendants net Worth to prove

the Willful Violations of FERA with the intent to harm and further asks that this Court

award the Plaintiff all of his costs and any further relief which this Court deems just and

proper.

　　　　The Plaintiff also request that this Honorable Court seizes the Defendants

property and donated it to The Ronald McDonald Charity Foundation to be used as a

Ronald McDonald Children's House in the name of GRF Planes Foundation.

　　　　　　　　　　　　　　　　　　　　　　11-19-09

Respectively Submitted                     Glenn Favre pro se
                                           110 South Columbia Drive #11
                                           Decatur, Georgia 30030
                                           404-373-1137

2

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

Ray Martin
3456 Louise Street
Hapeville, Georgia 30354

GLENN FAVRE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2009 NOV 19  PM 02:55

M. REGINA THOMAS,
CLERK

DEPUTY CLERK

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| GLENN FAVRE | § | CASE NO 08-85264-MH |
| DEBTOR | § | |
| | § | |
| | § | |
| GLENN FAVRE pro se | § | |
| CLAIMANT/PLAINTIFF | § | THE HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | |
| | § | ADVERSARIAL PROCEEDING |
| John Macklin and The Macklin Family Trust | § | |
| DEFENDANT | § | 09-AP-09071 |

**PLAINTIFF'S GLENN R. FAVRE REQUEST FOR SUMMARY JUDGMENT AGAINST THE DEFENDANT JOHN MACKLIN AND THE MACKLIN FAMILY TRUST FOR THE WILLFUL VIOLATION OF THE DISCHARGE ORDER UNDER SECTION 727, 11 USC § 524, FOR VIOLATING THE CONTRACT DISPUTES ACT (CDA) AND THE WILLFUL VIOLATION OF THE THE FEDERAL FALSE CLAIMS ACT 31 U.S.C. §§ 3729-3733 AS AMENDED BY S. 386, THE FRAUD ENFORCEMENT AND RECOVERY ACT OF 2009 SIGNED INTO LAW BY THE PRESIDENT ON MAY 20, 2009**

COMES NOW GLENN FAVRE and files for a motion for a Summary Judgment

against the Defendant JOHN MACKLIN AND THE MACKLIN FAMILY TRUST,

shows this Honorable Court:

THE DEFENDANTS AND HIS COUNSEL ARE VIOLATING THE DISCHARGE

ORDER UNDER SECTION 727 AND THE AFFECTS OF 11 USC § 524[1] THAT

---

[1] 11 USC § 524. Effect of discharge
(a) A discharge in a case under this title--
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ARISES FROM THE DISCHARGE OF THE STAY OF BANKRUPTCY OF 11 USC §

362(A) AND 11 USC § 362(B) AND FAILED TO PROPERLY ANSWER THE

SUMMONS ISSUED OCTOBER 16, 2009 BY THE HONORABLE COURT

VIOLATING UNDER FED BANK R. 7012 AND FOR WILLFUL VIOLATION OF

THE FEDERAL FALSE CLAIMS ACT

31 U.S.C. §§ 3729-3733 AS AMENDED BY S. 386, THE FRAUD ENFORCEMENT

AND RECOVERY ACT OF 2009 SIGNED INTO LAW BY THE PRESIDENT ON

MAY 20, 2009.

WHEREFORE, Plaintiff Glenn R. Favre requests this Honorable Court award the

Plaintiff the amount requested in the complaint and request that this Honorable Court

enter an award for Default Judgment for failing to properly respond to the Order of

Summons issued on October 16, 2009.

For the willful intent to harm, willful violations to deceive this Honorable Court,

knowingly presenting and making false and fraudulent claims, in an attempt to receive

the approval of the State Court of Fulton County to rule in the favor of the Defendant is

in direct violation of the "Fraud Enforcement Recover Act" (FERA) and the Civil False

Claims Act as amended by S 386., on May 20, 2009 by President Obama and  knowingly

presented false record and made false statements, material to the Plaintiff's claim that the

---

(3) operates as an injunction against the commencement or continuation of an action, the
employment of process, or an act, to collect or recover from, or offset against, property of the debtor
of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the
case, on account of any allowable community claim, except a community claim that is excepted from
discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in
accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the
debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor,
whether or not discharge of the debt based on such community claim is waived.

2

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

Defendant willfully violated this courts order in an attempt to resolve the fraudulent

claims made by the Defendants; conspired collectively to commit the violations, as

described in section 3729 subparagraph (A), (B), (D), (E), (F), and (G)[2] and knowingly

---

[2] The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

[ . . . ] or

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay

Major FCA Amendments Expanding Liability Under the FERA, the key liability sections of the FCA remain the provisions addressing false claims, false statements supporting false claims, conspiracy, and the reverse false claims and obligation provisions. These provisions have been renumbered as well as expanded to cover additional conduct. The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G); [ . . . ] or (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

Many of the key changes are in the definitions, found in section 3729(b). Elimination of Allison Engine's Intent Requirement: Under the Supreme Court's unanimous decision in Allison Engine Co. v. United States ex rel. Sanders, 128 S. Ct. 2123 (2008), FCA liability was limited to fraudulent statements that were designed "to get" false claims paid or approved "by the Government." See FraudMail Alert No. 08-06-09. See also John. T. Boese, Civil False Claims and Qui Tam Actions §2.06[G] (3d ed. 2006 & Supp. 2009-1). The Supreme Court's interpretation in Allison Engine no longer applies after the FERA because the new conspiracy section was drafted to cover only a conspiracy "to get a false claim paid or approved." Courts had properly interpreted this language to limit the conspiracy section to apply only to violations of then-subsection 3729(a)(1), and not to violations of the reverse false claim provision. Moreover, the conspiracy section required that the government pay the false claim. The new conspiracy section, 31 U.S.C. § 3729(a)(1)(C), expands the conspiracy section to include a conspiracy to commit a violation of any other substantive section of the FCA. The amendment also eliminates the need for the false claim to be paid or approved, and assesses liability for conspiring to commit the violation. Importantly, the word "knowingly" still does not appear in the language of the new conspiracy section, so the argument remains that a common law liability, including specific intent, is still required to prove a conspiracy under the FCA.

Liability for Overpayments: The amended reverse false claims liability provision in section law removes both the "to get" language and the "by the Government" limitation in section 3729(a)(2)—as well as comparable language in sections 3729(a)(3) and (a)(7). Further, it attempts to make those changes in section 3729(a)(1)(B) effective as of June 7, 2009—the date Allison Engine was decided, The Court in Allison Engine found that, without a clear link between a false claim and payment or approval by the government, the FCA would be "boundless" and become an "all-purpose antifraud statute." 128 S. Ct. at 2128, 2130. To replace this rational limitation, the FERA adds a new definition of "claim," and FCA

3

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

liability will be limited only by requiring some sort of nexus to the government. The FCA now covers requests for funds to a contractor, grantee, or other recipient, if the money or property requested "is to be spent or used on the Government's behalf or to advance a Government program or interest." The legislation does not define the key terms "used on the Government's behalf" or "to advance a Government program or interest," and presumably courts will have to decide their meaning on a case by case basis. No one knows the scope. Are government funds invested in GM or AIG "advanc[ing] a Government program" so that a false claim to those entities will violate the FCA and be enforced by qui tam relators?[2] Recognizing that this new language is not very clear, Senator Kyle attempted to limit its scope: [p]revious understanding, as well as commons sense, dictate that a particular transaction does not "advance a Government program or interest" unless it is predominantly federal in character—something that at least would require . . . that the claim ultimately results in a loss to the government . . . [rather than] any garden-variety dispute between a general contractor and a subcontractor simply because the general receives some federal money. 155 Cong. Rec. S4540 (daily ed. Apr. 22, 2009) (statement of Sen. Kyl). One hopes that Senator Kyle's interpretation is accepted. Future FCA case law will determine whether and to what extent Congress succeeded in overturning Allison Engine through the FERA.

**Materiality Requirement:** In addition to the nexus to the government requirement, the FERA, at long last, specifically incorporates a materiality requirement in the False Claims Act (a position the government and relators fought, without success, for over 15 years), but it defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property," which is the "weaker" materiality standard that has been applied in some FCA cases. See John T. Boese, Civil False Claims and Qui Tam Actions §2.04 (Aspen Publishers) (3d ed. & Supp. 2009-2). How much of a difference will this make? That depends entirely on how literally courts will read this provision. Almost every· violation or mistake is arguably "capable of influencing" a payment decision by the government, but many courts in the past have read this test as strongly limiting the application of the FCA. For example, despite applying this "weaker" materiality standard, at least two courts have held that violations of "conditions of participation" in a Federal healthcare program do not result in FCA violations. See United States ex rel. Conner v. Salina Reg'l Health Ctr., 543 F.3d 1211 (10th Cir. 2008); United States ex rel. Landers v. Baptist Mem'l Health Care Corp. 525 F. Supp. 2d 972 (W.D. Tenn. 2007). **Conspiracy:** Under the prior FCA, the 3729(a)(1)(G) quoted above extends new liability to "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." **Under this provision, there is no need for a person to have taken an affirmative act—a false statement or record—in order to conceal, avoid, or decrease the obligation to the government.** This new provision is even more dangerous because an "obligation" is specifically defined to include within the scope of FCA liability the retention of an overpayment from the government. The term "improperly" is intended to limit this liability, and would presumably exclude overpayments such as those under Medicaid that undergo a reconciliation process. Practitioners will be required, almost immediately after passage, to begin to advise clients whether they have received "overpayments" and the potential liability that could result from retention of such overpayments. Moreover, even though this provision is not retroactive, an overpayment is an overpayment, whether it occurred before or after May 20, 2009. The government and relators are almost certain to argue that this provision applies to overpayments made before the date of the legislation. **Expanded Definition of "Obligation":** The definition of "obligation" that triggers reverse false claims liability is expanded to encompass "an established duty, whether or not fixed" that arises from a contractual, grantee, licensee, or fee-based relationship, from a statute or regulation, or from the retention of any overpayment. According to government statements, this is intended to overturn, among other cases, the Sixth Circuit's decision 10 years ago in United States ex rel. American Textile Manufacturers Institute, Inc. v. The Limited, Inc., 190 F.3d 729 (6th Cir. 1999) ("ATMI"), which defined "obligation" to include only established obligations to pay money to the government. In addition to extending new liability to the retention of overpayments, this expanded definition seeks to extend liability to duties to pay fees that were not covered previously because they were not fixed in all particulars. Whether much of an expansion is actually achieved under this provision remains to be seen because even the DOJ concedes that the new language is not intended to extend FCA liability to

4

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

made, used, and causes to be made and used, a false record and statements material to an

obligation to pay or transmit money or property to the Government, and knowingly

conceals and knowingly and improperly avoids in an attempt to decreases an obligation

to pay or transmit money or property to the Government.

The payment of Contract Disputes Act (CDA) claims is governed by 41 U.S.C.

612, Subsections 612(a) and 612(b). To prove the Willful Violations with the intent to

harm under FERA AND FCA and further asks that this Court award the Plaintiff all of

his costs and any further relief which this Court deems just and proper.

The Plaintiff also request that this Honorable Court seizes the Defendants

property and donated it to The Ronald McDonald Charity Foundation to be used as a

Ronald McDonald Children's House in the name of GRF Planes Foundation.

The Plaintiff further request that this Honorable Court Sanction the Defendant

Attorney JOHN GRIMES, ESQ., for violations of section 727 and that of the affects of

---

penalties or fines. (The reader should note that the author represented many of the defendants in the
ATMI case.)Effective Date: Under the effective date provision in the FERA, the FCA liability
amendments would apply prospectively, with one important exception. The amendment to section
3729(a)(2)takes effect on the date that Allison Engine was decided—June 7, 2008—making that
amendment retroactive. The retroactivity of this amendment will raise a host of practical problems
in pending cases, and is almost certain to be challenged as unconstitutional because conduct which
the Supreme Court defined as outside the scope of FCA liability is, retroactively, now a violation.
Were this a normal civil statute, such retroactivity would be allowable. But the Supreme Court has
already defined the FCA as an "essentially punitive" statute. Vermont Agency of Natural Res. v.
United States ex rel. Stevens, 529 U.S. 765 (2000). Whether a clearly punitive statute can be applied
retroactively is a completely different question.  Additional FCA Amendments,  In addition to
amending the FCA's liability provisions, the FERA includes four other amendments that make recoveries
and investigations under the FCA easier. These amendments are as follows: Retaliation: The prohibition
against retaliation is expanded to include a "contractor, or agent," in addition to an employee—without
requiring prohibited retaliatory acts to be taken by an "employer." Under this unusually broad definition, a
retaliation action could be based on many different types of relationships that do not involve an
employment contract, which could lead to\ unintended consequences.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

11 USC § 524, for the violations of The new sections 3729(a)(1)(A), (B), (C), and (G)

and find him in accordance with Tier 3 for the FERA and the FCA at $1,000,000.00 per

day that JOHN GRIMES, ESQ., has allowed these violation to continue and award to the

Plaintiff the funds received from this Judicial Ruling be paid through "The Fund" held by

the United States Treasury in accordance with The payment of Contract Disputes Act

(CDA) claims is governed by 41 U.S.C. 612. Subsections 612(a) and 612(b).

Respectively Submitted                    Glenn Favre pro se
                                          110 South Columbia Drive #11
                                          Decatur, Georgia 30030
                                          404-373-1137

6

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

**John R. Grimes**
Lefkoff, Duncan, Grimes, Miller &McSwain
11 Piedmont Center, Suite 806
3495 Piedmont Road
Atlanta, GA 30305
(404) 262-2000
Fax : (404) 262-2897
Email: ajames@lefkoff-duncan.com

GLENN FAVRE
110 SOUTH COLUMBIA DRIVE #11
DECATUR, GEORGIA 30030
4043731137

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

M. REGINA THOMAS,
CLERK

DEPUTY CLERK

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| GLENN FAVRE | § | CASE NO 08-85264-MHM |
| DEBTOR | § | |
| | § | |
| | § | |
| GLENN FAVRE pro se | § | |
| CLAIMANT/PLAINTIFF | §THE HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | |
| | § | ADVERSARIAL PROCEEDING |
| John Macklin and The Macklin Family Trust | § | |
| DEFENDANT | § | 09-AP-09071 |

**PLAINTIFF'S GLENN R. FAVRE REQUEST FOR SUMMARY JUDGMENT
AGAINST THE DEFENDANT JOHN MACKLIN AND THE MACKLIN FAMILY
TRUST FOR THE WILLFUL VIOLATION OF THE DISCHARGE ORDER
UNDER SECTION 727, 11 USC § 524, FOR VIOLATING THE CONTRACT
DISPUTES ACT (CDA) AND THE WILLFUL VIOLATION OF THE THE
FEDERAL FALSE CLAIMS ACT
31 U.S.C. §§ 3729-3733 AS AMENDED BY S. 386, THE FRAUD ENFORCEMENT
AND RECOVERY ACT OF 2009 SIGNED INTO LAW BY THE PRESIDENT ON
MAY 20, 2009**

COMES NOW GLENN FAVRE and files for a motion for a Summary Judgment

against the Defendant JOHN MACKLIN AND THE MACKLIN FAMILY TRUST,

shows this Honorable Court:

THE DEFENDANTS AND HIS COUNSEL ARE VIOLATING THE DISCHARGE

ORDER UNDER SECTION 727 AND THE AFFECTS OF 11 USC § 524[1] THAT

---

[1] 11 USC § 524. Effect of discharge
(a) A discharge in a case under this title--
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of
the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141,
1228, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of an action, the
employment of process, or an act, to collect, recover or offset any such debt as a personal liability of
the debtor, whether or not discharge of such debt is waived; and

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ARISES FROM THE DISCHARGE OF THE STAY OF BANKRUPTCY OF 11 USC §

362(A) AND 11 USC § 362(B) AND FAILED TO PROPERLY ANSWER THE

SUMMONS ISSUED OCTOBER 16, 2009 BY THE HONORABLE COURT

VIOLATING UNDER FED BANK R. 7012 AND FOR WILLFUL VIOLATION OF

THE FEDERAL FALSE CLAIMS ACT

31 U.S.C. §§ 3729-3733 AS AMENDED BY S. 386, THE FRAUD ENFORCEMENT

AND RECOVERY ACT OF 2009 SIGNED INTO LAW BY THE PRESIDENT ON

MAY 20, 2009.

WHEREFORE, Plaintiff Glenn R. Favre requests this Honorable Court award the

Plaintiff the amount requested in the complaint and request that this Honorable Court

enter an award for Default Judgment for failing to properly respond to the Order of

Summons issued on October 16, 2009.

For the willful intent to harm, willful violations to deceive this Honorable Court,

knowingly presenting and making false and fraudulent claims, in an attempt to receive

the approval of the State Court of Fulton County to rule in the favor of the Defendant is

in direct violation of the "Fraud Enforcement Recover Act" (FERA) and the Civil False

Claims Act as amended by S 386., on May 20, 2009 by President Obama and knowingly

presented false record and made false statements, material to the Plaintiff's claim that the

---

**(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.**

2

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

Defendant willfully violated this courts order in an attempt to resolve the fraudulent

claims made by the Defendants; conspired collectively to commit the violations, as

described in section 3729 subparagraph (A), (B), (D), (E), (F), and (G)[2] and knowingly

---

[2] **The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:**

(A) **knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;**

(B) **knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;**

(C) **conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);**

[ . . . ] **or**

(G) **knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay**

**Major FCA Amendments Expanding Liability** Under the FERA, the key liability sections of the FCA remain the provisions addressing false claims, false statements supporting false claims, conspiracy, and the reverse false claims and obligation provisions. These provisions have been renumbered as well as expanded to cover additional conduct. **The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G); [ . . . ] or (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.**

Many of the key changes are in the definitions, found in section 3729(b). **Elimination of Allison Engine's Intent Requirement:** Under the Supreme Court's unanimous decision in Allison Engine Co. v. United States ex rel. Sanders, 128 S. Ct. 2123 (2008), FCA liability was limited to fraudulent statements that were designed "to get" false claims paid or approved "by the Government." See FraudMail Alert No. 08-06-09. See also John. T. Boese, Civil False Claims and Qui Tam Actions §2.06[G] (3d ed. 2006 & Supp. 2009-1). The Supreme Court's interpretation in Allison Engine no longer applies after the FERA because the new conspiracy section was drafted to cover only a conspiracy "to get a false claim paid or approved." Courts had properly interpreted this language to limit the conspiracy section to apply only to violations of then-subsection 3729(a)(1), and not to violations of the reverse false claim provision. Moreover, the conspiracy section required that the government pay the false claim. The new conspiracy section, **31 U.S.C. § 3729(a)(1)(C), expands the conspiracy section to include a conspiracy to commit a violation of any other substantive section of the FCA.** The amendment also eliminates the need for the false claim to be paid or approved, and assesses liability for conspiring to commit the violation. Importantly, the word "knowingly" still does not appear in the language of the new conspiracy section, so the argument remains that a common law liability, including specific intent, is still required to prove a conspiracy under the FCA.

**Liability for Overpayments:** The amended reverse false claims liability provision in section law removes both the "to get" language and the "by the Government" limitation in section 3729(a)(2)—as well as comparable language in sections 3729(a)(3) and (a)(7). Further, it attempts to make those changes in section 3729(a)(1)(B) effective as of June 7, 2009—the date Allison Engine was decided. The Court in Allison Engine found that, without a clear link between a false claim and payment or approval by the government, the FCA would be "boundless" and become an "all-purpose antifraud statute." 128 S. Ct. at 2128, 2130. To replace this rational limitation, the FERA adds a new definition of "claim," and FCA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

liability will be limited only by requiring some sort of nexus to the government. The FCA now covers requests for funds to a contractor, grantee, or other recipient, if the money or property requested "is to be spent or used on the Government's behalf or to advance a Government program or interest." The legislation does not define the key terms "used on the Government's behalf" or "to advance a Government program or interest," and presumably courts will have to decide their meaning on a case by case basis. No one knows the scope. Are government funds invested in GM or AIG "advanc[ing] a Government program" so that a false claim to those entities will violate the FCA and be enforced by qui tam relators?[2] Recognizing that this new language is not very clear, Senator Kyle attempted to limit its scope: [p]revious understanding, as well as commons sense, dictate that a particular transaction does not "advance a Government program or interest" unless it is predominantly federal in character—something that at least would require . . . that the claim ultimately results in a loss to the government . . . [rather than] any garden-variety dispute between a general contractor and a subcontractor simply because the general receives some federal money. 155 Cong. Rec. S4540 (daily ed. Apr. 22, 2009) (statement of Sen. Kyl). One hopes that Senator Kyle's interpretation is accepted. Future FCA case law will determine whether and to what extent Congress succeeded in overturning Allison Engine through the FERA.

**Materiality Requirement:** In addition to the nexus to the government requirement, the FERA, at long last, specifically incorporates a materiality requirement in the False Claims Act (a position the government and relators fought, without success, for over 15 years), but it defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property," which is the "weaker" materiality standard that has been applied in some FCA cases. See John T. Boese, Civil False Claims and Qui Tam Actions §2.04 (Aspen Publishers) (3d ed. & Supp. 2009-2). How much of a difference will this make? That depends entirely on how literally courts will read this provision. Almost every violation or mistake is arguably "capable of influencing" a payment decision by the government, but many courts in the past have read this test as strongly limiting the application of the FCA. For example, despite applying this "weaker" materiality standard, at least two courts have held that violations of "conditions of participation" in a Federal healthcare program do not result in FCA violations. See United States ex rel. Conner v. Salina Reg'l Health Ctr., 543 F.3d 1211 (10th Cir. 2008); United States ex rel. Landers v. Baptist Mem'l Health Care Corp. 525 F. Supp. 2d 972 (W.D. Tenn. 2007). **Conspiracy:** Under the prior FCA, the 3729(a)(1)(G) quoted above extends new liability to "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." **Under this provision, there is no need for a person to have taken an affirmative act—a false statement or record—in order to conceal, avoid, or decrease the obligation to the government.** This new provision is even more dangerous because an "obligation" is specifically defined to include within the scope of FCA liability the retention of an overpayment from the government. The term "improperly" is intended to limit this liability, and would presumably exclude overpayments such as those under Medicaid that undergo a reconciliation process. Practitioners will be required, almost immediately after passage, to begin to advise clients whether they have received "overpayments" and the potential liability that could result from retention of such overpayments. Moreover, even though this provision is not retroactive, an overpayment is an overpayment, whether it occurred before or after May 20, 2009. The government and relators are almost certain to argue that this provision applies to overpayments made before the date of the legislation. **Expanded Definition of "Obligation": The definition of "obligation" that triggers reverse false claims liability is expanded to encompass "an established duty, whether or not fixed" that arises from a contractual, grantee, licensee, or fee-based relationship, from a statute or regulation, or from the retention of any overpayment. According to government statements, this is intended to overturn, among other cases, the Sixth Circuit's decision 10 years ago in United States ex rel. American Textile Manufacturers Institute, Inc. v. The Limited, Inc., 190 F.3d 729 (6th Cir. 1999) ("ATMI"), which defined "obligation" to include only established obligations to pay money to the government. In addition to extending new liability to the retention of overpayments, this expanded definition seeks to extend liability to duties to pay fees that were not covered previously because they were not fixed in all particulars. Whether much of an expansion is actually achieved under this provision remains to be seen because even the DOJ concedes that the new language is not intended to extend FCA liability to**

4

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

made, used, and causes to be made and used, a false record and statements material to an

obligation to pay or transmit money or property to the Government, and knowingly

conceals and knowingly and improperly avoids in an attempt to decreases an obligation

to pay or transmit money or property to the Government.

The payment of Contract Disputes Act (CDA) claims is governed by 41 U.S.C.

612, Subsections 612(a) and 612(b). To prove the Willful Violations with the intent to

harm under FERA AND FCA and further asks that this Court award the Plaintiff all of

his costs and any further relief which this Court deems just and proper.

The Plaintiff also request that this Honorable Court seizes the Defendants

property and donated it to The Ronald McDonald Charity Foundation to be used as a

Ronald McDonald Children's House in the name of GRF Planes Foundation.

The Plaintiff further request that this Honorable Court Sanction the Defendant

Attorney JOHN GRIMES, ESQ., for violations of section 727 and that of the affects of

---

penalties or fines. (The reader should note that the author represented many of the defendants in the
ATMI case.)Effective Date: Under the effective date provision in the FERA, the FCA liability
amendments would apply prospectively, with one important exception. The amendment to section
3729(a)(2)takes effect on the date that Allison Engine was decided—June 7, 2008—making that
amendment retroactive. The retroactivity of this amendment will raise a host of practical problems
in pending cases, and is almost certain to be challenged as unconstitutional because conduct which
the Supreme Court defined as outside the scope of FCA liability is, retroactively, now a violation.
Were this a normal civil statute, such retroactivity would be allowable. But the Supreme Court has
already defined the FCA as an "essentially punitive" statute. Vermont Agency of Natural Res. v.
United States ex rel. Stevens, 529 U.S. 765 (2000). Whether a clearly punitive statute can be applied
retroactively is a completely different question.  Additional FCA Amendments,  In addition to
amending the FCA's liability provisions, the FERA includes four other amendments that make recoveries
and investigations under the FCA easier. These amendments are as follows:  Retaliation: The prohibition
against retaliation is expanded to include a "contractor, or agent," in addition to an employee—without
requiring prohibited retaliatory acts to be taken by an "employer." Under this unusually broad definition, a
retaliation action could be based on many different types of relationships that do not involve an
employment contract, which could lead to\ unintended consequences.

5

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

11 USC § 524, for the violations of The new sections 3729(a)(1)(A), (B), (C), and (G)

and find him in accordance with Tier 3 for the FERA and the FCA at $1,000,000.00 per

day that JOHN GRIMES, ESQ., has allowed these violation to continue and award to the

Plaintiff the funds received from this Judicial Ruling be paid through "The Fund" held by

the United States Treasury in accordance with The payment of Contract Disputes Act

(CDA) claims is governed by 41 U.S.C. 612. Subsections 612(a) and 612(b).

Respectively Submitted

Glenn Favre pro se
110 South Columbia Drive #11
Decatur, Georgia 30030
404-373-1137

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

**John R. Grimes**
Lefkoff, Duncan, Grimes, Miller &McSwain
11 Piedmont Center, Suite 806
3495 Piedmont Road
Atlanta, GA 30305
(404) 262-2000
Fax : (404) 262-2897
Email: ajames@lefkoff-duncan.com


GLENN FAVRE
110 SOUTH COLUMBIA DRIVE #11
DECATUR, GEORGIA 30030
4043731137

7

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

NOV 19 2009 PM2:53

M. REGINA THOMAS,
CLERK

BY: _____ DEPUTY CLERK

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| GLENN FAVRE | § | CASE NO 08-85264-MHM |
| DEBTOR | § | |
| | § | |
| | § | |
| GLENN FAVRE pro se | § | |
| CLAIMANT/PLAINTIFF | § | THE HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | |
| | § | ADVERSARIAL PROCEEDING |
| GOERGE LEE LESESNEE | § | |
| DEFENDANT | § | 09-AP-09073 |

## PLAINTIFF'S GLENN R. FAVRE REQUEST FOR SUMMARY JUDGMENT AGAINST THE DEFENDANT GEORGE LEE LESESNEE FOR THE WILLFUL VIOLATION OF THE DISCHARGE ORDER UNDER SECTION 727, 11 USC § 524, FOR VIOLATING THE CONTRACT DISPUTES ACT (CDA) AND THE WILLFUL VIOLATION OF THE THE FEDERAL FALSE CLAIMS ACT 31 U.S.C. §§ 3729-3733 AS AMENDED BY S. 386, THE FRAUD ENFORCEMENT AND RECOVERY ACT OF 2009 SIGNED INTO LAW BY THE PRESIDENT ON MAY 20, 2009

COMES NOW GLENN FAVRE and files for a motion for a Summary Judgment

against the Defendant George Lee Lesesnee, shows this Honorable Court:

THE DEFENDANTS AND HIS COUNSEL ARE VIOLATING THE DISCHARGE

ORDER UNDER SECTION 727 AND THE AFFECTS OF 11 USC § 524[1] THAT

---

[1] 11 USC § 524. Effect of discharge

(a) A discharge in a case under this title--

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the

1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ARISES FROM THE DISCHARGE OF THE STAY OF BANKRUPTCY OF 11 USC §

362(A) AND 11 USC § 362(B) AND FAILED TO PROPERLY ANSWER THE

SUMMONS ISSUED OCTOBER 16, 2009 BY THE HONORABLE COURT

VIOLATING UNDER FED BANK R. 7012 AND FOR WILLFUL VIOLATION OF

THE FEDERAL FALSE CLAIMS ACT

31 U.S.C. §§ 3729-3733 AS AMENDED BY S. 386, THE FRAUD ENFORCEMENT

AND RECOVERY ACT OF 2009 SIGNED INTO LAW BY THE PRESIDENT ON

MAY 20, 2009.

WHEREFORE, Plaintiff Glenn R. Favre requests this Honorable Court award the

Plaintiff the amount requested in the complaint and request that this Honorable Court

enter an award for Default Judgment for failing to properly respond to the Order of

Summons issued on October 16, 2009.

For the willful intent to harm, willful violations to deceive this Honorable Court,

knowingly presenting and making false and fraudulent claims, in an attempt to receive

the approval of the State Court of Fulton County to rule in the favor of the Defendant is

in direct violation of the "Fraud Enforcement Recover Act" (FERA) and the Civil False

Claims Act as amended by S 386., on May 20, 2009 by President Obama and knowingly

presented false record and made false statements, material to the Plaintiff's claim that the

Defendant willfully violated this courts order in an attempt to resolve the fraudulent

case, on account of any allowable community claim, except a community claim that is excepted from
discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in
accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the
debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor,
whether or not discharge of the debt based on such community claim is waived.

2

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

claims made by the Defendants; conspired collectively to commit the violations, as

described in section 3729 subparagraph (A), (B), (D), (E), (F), and (G)[2] and knowingly

---

[2] The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

[ . . . ] or

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay

Major FCA Amendments Expanding Liability Under the FERA, the key liability sections of the FCA remain the provisions addressing false claims, false statements supporting false claims, conspiracy, and the reverse false claims and obligation provisions. These provisions have been renumbered as well as expanded to cover additional conduct. The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G); [ . . . ] or (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

Many of the key changes are in the definitions, found in section 3729(b). Elimination of Allison Engine's Intent Requirement: Under the Supreme Court's unanimous decision in Allison Engine Co. v. United States ex rel. Sanders, 128 S. Ct. 2123 (2008), FCA liability was limited to fraudulent statements that were designed "to get" false claims paid or approved "by the Government." See FraudMail Alert No. 08-06-09. See also John. T. Boese, Civil False Claims and Qui Tam Actions §2.06[G] (3d ed. 2006 & Supp. 2009-1). The Supreme Court's interpretation in Allison Engine no longer applies after the FERA because the new conspiracy section was drafted to cover only a conspiracy "to get a false claim paid or approved." Courts had properly interpreted this language to limit the conspiracy section to apply only to violations of then-subsection 3729(a)(1), and not to violations of the reverse false claim provision. Moreover, the conspiracy section required that the government pay the false claim. The new conspiracy section, 31 U.S.C. § 3729(a)(1)(C), expands the conspiracy section to include a conspiracy to commit a violation of any other substantive section of the FCA. The amendment also eliminates the need for the false claim to be paid or approved, and assesses liability for conspiring to commit the violation. Importantly, the word "knowingly" still does not appear in the language of the new conspiracy section, so the argument remains that a common law liability, including specific intent, is still required to prove a conspiracy under the FCA.

Liability for Overpayments: The amended reverse false claims liability provision in section law removes both the "to get" language and the "by the Government" limitation in section 3729(a)(2)—as well as comparable language in sections 3729(a)(3) and (a)(7). Further, it attempts to make those changes in section 3729(a)(1)(B) effective as of June 7, 2009—the date Allison Engine was decided, The Court in Allison Engine found that, without a clear link between a false claim and payment or approval by the government, the FCA would be "boundless" and become an "all-purpose antifraud statute." 128 S. Ct. at 2128, 2130. To replace this rational limitation, the FERA adds a new definition of "claim," and FCA liability will be limited only by requiring some sort of nexus to the government. The FCA now covers requests for funds to a contractor, grantee, or other recipient, if the money or property requested "is to be

3

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

---

spent or used on the Government's behalf or to advance a Government program or interest." The legislation does not define the key terms "used on the Government's behalf" or "to advance a Government program or interest," and presumably courts will have to decide their meaning on a case by case basis. No one knows the scope. Are government funds invested in GM or AIG "advanc[ing] a Government program" so that a false claim to those entities will violate the FCA and be enforced by qui tam relators?[2] Recognizing that this new language is not very clear, Senator Kyle attempted to limit its scope: [p]revious understanding, as well as commons sense, dictate that a particular transaction does not "advance a Government program or interest" unless it is predominantly federal in character—something that at least would require . . . that the claim ultimately results in a loss to the government . . . [rather than] any garden-variety dispute between a general contractor and a subcontractor simply because the general receives some federal money. 155 Cong. Rec. S4540 (daily ed. Apr. 22, 2009) (statement of Sen. Kyl). One hopes that Senator Kyle's interpretation is accepted. Future FCA case law will determine whether and to what extent Congress succeeded in overturning Allison Engine through the FERA.

**Materiality Requirement:** In addition to the nexus to the government requirement, the FERA, at long last, specifically incorporates a materiality requirement in the False Claims Act (a position the government and relators fought, without success, for over 15 years), but it defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property," which is the "weaker" materiality standard that has been applied in some FCA cases. See John T. Boese, Civil False Claims and Qui Tam Actions §2.04 (Aspen Publishers) (3d ed. & Supp. 2009-2). How much of a difference will this make? That depends entirely on how literally courts will read this provision. Almost every violation or mistake is arguably "capable of influencing" a payment decision by the government, but many courts in the past have read this test as strongly limiting the application of the FCA. For example, despite applying this "weaker" materiality standard, at least two courts have held that violations of "conditions of participation" in a Federal healthcare program do not result in FCA violations. See United States ex rel. Conner v. Salina Reg'l Health Ctr., 543 F.3d 1211 (10th Cir. 2008); United States ex rel. Landers v. Baptist Mem'l Health Care Corp. 525 F. Supp. 2d 972 (W.D. Tenn. 2007). **Conspiracy:** Under the prior FCA, the 3729(a)(1)(G) quoted above extends new liability to "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." **Under this provision, there is no need for a person to have taken an affirmative act—a false statement or record—in order to conceal, avoid, or decrease the obligation to the government.** This new provision is even more dangerous because an "obligation" is specifically defined to include within the scope of FCA liability the retention of an overpayment from the government. The term "improperly" is intended to limit this liability, and would presumably exclude overpayments such as those under Medicaid that undergo a reconciliation process. Practitioners will be required, almost immediately after passage, to begin to advise clients whether they have received "overpayments" and the potential liability that could result from retention of such overpayments. Moreover, even though this provision is not retroactive, an overpayment is an overpayment, whether it occurred before or after May 20, 2009. The government and relators are almost certain to argue that this provision applies to overpayments made before the date of the legislation. **Expanded Definition of "Obligation": The definition of "obligation" that triggers reverse false claims liability is expanded to encompass "an established duty, whether or not fixed" that arises from a contractual, grantee, licensee, or fee-based relationship, from a statute or regulation, or from the retention of any overpayment. According to government statements, this is intended to overturn, among other cases, the Sixth Circuit's decision 10 years ago in United States ex rel. American Textile Manufacturers Institute, Inc. v. The Limited, Inc., 190 F.3d 729 (6th Cir. 1999) ("ATMI"), which defined "obligation" to include only established obligations to pay money to the government. In addition to extending new liability to the retention of overpayments, this expanded definition seeks to extend liability to duties to pay fees that were not covered previously because they were not fixed in all particulars. Whether much of an expansion is actually achieved under this provision remains to be seen because even the DOJ concedes that the new language is not intended to extend FCA liability to penalties or fines. (The reader should note that the author represented many of the defendants in the ATMI case.)Effective Date: Under the effective date provision in the FERA, the FCA liability**

4

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

made, used, and causes to be made and used, a false record and statements material to an

obligation to pay or transmit money or property to the Government, and knowingly

conceals and knowingly and improperly avoids in an attempt to decreases an obligation

to pay or transmit money or property to the Government.

The payment of Contract Disputes Act (CDA) claims is governed by 41 U.S.C.

612, Subsections 612(a) and 612(b). To prove the Willful Violations with the intent to

harm under FERA AND FCA and further asks that this Court award the Plaintiff all of

his costs and any further relief which this Court deems just and proper.

The Plaintiff also request that this Honorable Court seizes the Defendants

property and donated it to The Ronald McDonald Charity Foundation to be used as a

Ronald McDonald Children's House in the name of GRF Planes Foundation.

The Plaintiff further request that this Honorable Court Sanction the Defendant

Attorney MIKE BOSEMAN for violations of section 727 and that of the affects of 11

USC § 524, for the violations of The new sections 3729(a)(1)(A), (B), (C), and (G) and

---

amendments would apply prospectively, with one important exception. The amendment to section 3729(a)(2)takes effect on the date that Allison Engine was decided—June 7, 2008—making that amendment retroactive. The retroactivity of this amendment will raise a host of practical problems in pending cases, and is almost certain to be challenged as unconstitutional because conduct which the Supreme Court defined as outside the scope of FCA liability is, retroactively, now a violation. Were this a normal civil statute, such retroactivity would be allowable. But the Supreme Court has already defined the FCA as an "essentially punitive" statute. Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765 (2000). Whether a clearly punitive statute can be applied retroactively is a completely different question.  Additional FCA Amendments,  In addition to amending the FCA's liability provisions, the FERA includes four other amendments that make recoveries and investigations under the FCA easier. These amendments are as follows:  Retaliation: The prohibition against retaliation is expanded to include a "contractor, or agent," in addition to an employee—without requiring prohibited retaliatory acts to be taken by an "employer." Under this unusually broad definition, a retaliation action could be based on many different types of relationships that do not involve an employment contract, which could lead to\ unintended consequences.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

find him in accordance with Tier 3 for the FERA and the FCA at $1,000,000.00 per day

that Mike Boseman, ESQ., has allowed these violation to continue and award to the

Plaintiff the funds received from this Judicial Ruling be paid through "The Fund" held by

the United States Treasury in accordance with The payment of Contract Disputes Act

(CDA) claims is governed by 41 U.S.C. 612. Subsections 612(a) and 612(b).

11.19.2009

_____
Respectively Submitted

Glenn Favre pro se
110 South Columbia Drive #11
Decatur, Georgia 30030
404-373-1137

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

*ATLANTA DIVISION*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

**Michael Bozeman**
Michael Bozeman, Attorney at Law
2852 Piedmont Road, NE
Atlanta, GA 30305
(404) 841-9073

_____

GLENN FAVRE

7

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| GLENN FAVRE | § | CASE NO 08-85264-MHM |
| DEBTOR | § | |
| | § | |
| | § | |
| GLENN FAVRE pro se | § | |
| CLAIMANT/PLAINTIFF | § | THE HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | |
| | § | ADVERSARIAL PROCEEDING |
| KENNETH KRELL | § | |
| DEFENDANT | § | 09-AP-09074 |

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2009 MAR 19 PM02:45

M. REGINA THOMAS,
CLERK

DEPUTY CLERK

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE
## DEFENDANTS FOR FAILING TO ANSWER THE SUMMONS UNDER FED
## BANK R. 7012 VIOLATING THE FRAUD ENFORCEMENT RECOVERY ACT

COMES NOW GLENN FAVRE and files for a motion for a Default Judgment

against the Defendant, shows this Honorable Court:

### THE DEFENDANTS FAILED TO ANSWER THE SUMMONS
### ISSUED OCTOBER 16, 2009 BY THE HONORABLE COURT
### VIOLATING UNDER FED BANK R. 7012[1]

WHEREFORE, Plaintiff Glenn R. Favre requests this Honorable Court award the

Plaintiff the amount requested in the complaint and request that this Honorable Court

enter an award for Default Judgment for failing to respond to the Order of Summons

issued on October 16, 2009. For the willful intent to harm, willful violations to deceive

1

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

this Honorable Court, knowingly presenting and making false and fraudulent claims, in

an attempt to receive the approval of the State Court of Fulton County to rule in his favor,

in direct violation of the "Fraud Enforcement Act" (FERA), knowingly presented false

record and made false statements, material to the Plaintiff's claim that the Defendant

willfully violated this courts order in an attempt to resolve the fraudulent claims made by

the Defendants; conspired collectively to commit the violations, as described in section

S.386 subparagraph (A), (B), (D), (E), (F), and (G) and knowingly made, used, and

causes to be made and used, a false record and statements material to an obligation to pay

or transmit money or property to the Government, and knowingly conceals and

knowingly and improperly avoids in an attempt to decreases an obligation to pay or

transmit money or property to the Government.

Restitution will be calculated at 1% of each of the Defendants net Worth to prove

the Willful Violations of FERA with the intent to harm and further asks that this Court

award the Plaintiff all of his costs and any further relief which this Court deems just and

proper.

The Plaintiff also request that this Honorable Court seizes the Defendants

property and donated it to The Ronald McDonald Charity Foundation to be used as a

Ronald McDonald Children's House in the name of GRF Planes Foundation.

_11.19.2009_

Respectively Submitted

Glenn Favre pro se
110 South Columbia Drive #11
Decatur, Georgia 30030
404-373-1137

2

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time
of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

Kenneth Krell
176 Peachtree Circle
Atlanta, Georgia 30309

GLENN FAVRE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

M. REGINA THOMAS,
CLERK

BY:
DEPUTY CLERK

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| GLENN FAVRE | § | CASE NO 08-85264-MHM |
| DEBTOR | § | |
| | § | |
| | § | |
| Allen Scott Bennett pro se | § | |
| Glenn R. Favre pro se | § | |
| Dale Capelouto pro se | § | |
| CLAIMANT/PLAINTIFF | §THE HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | |
| | § | ADVERSARIAL PROCEEDING |
| GOLDMAN SACHS, HOLDINGS, INC., et al | § | |
| | § | |
| SUNTRUST BANK | § | 09-AP-09069 |
| HOLDINGS, INC et al | § | |
| | § | |
| FIDELITY NATIONAL | § | AND |
| FINANCIAL GROUP, INC., et al | § | |
| | § | |
| SUNTRUST MORTGAGE, INC., et al | § | |
| OLD REPUBLIC NATIONAL TITLE, INC., et al | § | 09-AP-09075 |
| | § | |
| DEFENDANT | § | |

**PLAINTIFF'S MOTION FOR AN INJUNCTIVE RELIEF AGAINST THE**
**DEFENDANTS' ATTORNEYS, MONICA GILROY ESQ., AND ALICE**
**HUNEYCUTT ESQ., AS AGENTS' OF THE RECIPIENTS OF THE TARP FUND,**
**FOR THEIR WILLFUL VIOLATIONS AND MALICIOUS INTENT TO HARM**
**THE PLAINTIFF, , WITH REGARDS TO FRAUD ENFORCEMENT AND**
**RECOVERY ACT OF 2009 ("FERA")**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE**
**DEFENDANTS FOR THE WILLFUL VIOLATION OF THE A DISCHARGE**
**UNDER SECTION 727 AND THE AFFECTS OF THE DISCHARGE ORDER 11**
**USC § 524**

**MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANTS FOR**
**FAILING TO ANSWER THE SUMMONS UNDER FED BANK R. 7012**

1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

COMES NOW GLENN FAVRE, Allen Scott Benntt and Dale Capelouto and

files for a motion for Injunctive Relief, Motion for Summary Judgment and Motion for

Default Judgment against the Defendants and shows this Honorable Court:

## THE DEFENDANTS HAVE VIOLATED "FERA" THE NEW

## SECTIONS 3729(A)(1)(A), (B), (C), (G),[1]

### Case History

The defendants, through their agents, who are agents of the recipient of the TARP

FUND, have submitted false claims and documents to this Honorable Court on January

20, 2009 and continue to submit to this Honorable Court, with the intent to conceal,

knowingly making, used, and causes to be made and used, false records and statements

material to the obligation to pay or transmit money or property to the Government, and

knowingly conceals and knowingly and improperly avoids or decreases an obligation to

pay, such as when found to be in violation in these adversarial hearings, would be

---

[1] The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:
(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or
approval;
(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a
false or fraudulent claim;
(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
[ . . . ] or
(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an
obligation to pay or transmit money or property to the Government, or knowingly conceals or
knowingly and improperly avoids or decreases an obligation to pay

2

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

required to pay into "The Fund" held by the United States Treasury, and the repayment of the TARP FUND.

To hide the identity of the defendants majority stock holder Warren Buffett, specifically by the attorney for; SunTrust bank, Holding, inc, SunTrust Mortgage, inc., Fidelity National Financial Group, and Old Republic National Title, Movant 26, Monica Gilroy, ESQ., of Dickenson Gilroy, LLC., not disclosing that she represents all the interest of all of the Defendants, during the 341 meeting of creditors, showing a willful intent to deceive this Honorable Court and that of the Trustee Gregory Hayes, by concealing the direct conflict of interest with each of the Defendants to one another, to Warren Buffett; who is a majority stock holder BERKSHIRE HATHAWAY Inc, which is the Beneficial Owner in Moody's, which is a majority holding of Old Republic National Title, Inc. Being on the Board of Directors of Goldman Sachs, SunTrust Bank Holdings, Inc., shows that Warren Buffett, along with his interest in Berkshire Hathaway, has a conflict of interest with all of the companies that represent the class "Defendants", and that of the Monica Gilroy, ESQ., and has filed motions for dismissal, claiming that SunTrust Bank Holdings, Inc is not a legal entity and that Fidelity Financial Group, Inc., is not a Party of this suite, when Fidelity Financial Group, Inc. is the sole provider of the UCC Plus Insurance Policy that insured all of the securitized loans that Moody's Credit Rating Service, Inc. grades as a "Neutral Rating", to deceive the share holder and the Government of the over valued equity per share. Traded on the Commodity Futures Trade Commission Market (CFTC) as Contract Mortgage Obligation (CMO) and Contract Debt Obligations (CDO).

3

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

The Plaintiffs primary residence was transacted identically the same way as the investment properties that the Plaintiff holds and has interest in form SunTrust Bank Holdings, Inc., SunTrust Mortgage, Inc., Berkshire Hathaway and Goldman Sachs, Inc., and were all underwritten by Old Republic National Title, Inc and Fidelity Financial Group, Inc., proving the conflict of interest and the willful intent to deceive and conceal the facts to this Honorable Court.

**The Defendants have violated the discharge Order of the Chapter 7 Bankruptcy, section 727 11 USC 524 of the Plaintiff that this honorable Court issued on April 9, 2009**

Alice Huneycutt, ESQ., of Sterns Weaver Miller Weissler Alhadeff & Sitterson, PA. in Florida, in **an Order to Show Cause** by the Honorable James M. Barton in the 13th Circuit Civil Court of Hillsborough County, Florida, as to why SunTrust is still moving against the property of the estate, which was included disclosed and filed in the schedule of assets, which was discharged in the Order from this Honorable Court, stated to the Honorable James M. Barton that the estate was discharge under section 727 11 USC § 523 when in fact it was discharged under section 727 11 USC § 524[2].. See an

---

1(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

11 USC § 523

(B) with respect to which a return, or equivalent report or notice, if required—

(i) was not filed or given; or

(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

**(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—**

**(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;**

**(B) use of a statement in writing—**

**(i) that is materially false;(ii) respecting the debtor's or an insider's financial condition; (iii) on which**

4

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

**order denying a motion for injunctive relief and summary judgment** by The

Honorable Judge Margaret Murphy of the United States Bankruptcy Court Northern

District of Georgia, in an attempt to deceive the Honorable Judge James M. Barton, and

have him rule in favor of the Plaintiff in the matter of SunTrust Mortgage, Inc v COX

LUMBER CO. d/b/a HD SUPPLY LUMBER & BUILDING MATERIALS a/k/a HD

Supply – LBM Cox Lumber Co and Glenn Favre pro se, civil case number 08-CA-

017979.

The Defendant's attorneys have violated 11 USC §524 by moving forward and

continuing to move against the injunctive relief that arises after the discharge and are

attempting to utilize the state laws under Florida and Georgia; section 454.23, Florida

Statutes (2006), prohibiting the unlicensed practice of law by an individual for a

corporate entity. <u>eclcs v. Atlanta technology group inc.,</u> 267 Ga. 801, 803, 485 S.Ed.2d,

22, 25 (GA 1997) to continue with the law suites by naming the corporations and adding

---

the creditor to whom the debtor is liable for such money, property, services, or credit reasonably
relied; and (iv) that the debtor caused to be made or published with intent to deceive;

Verses

**11 USC § 524. Effect of discharge**

(a) A discharge in a case under this title--

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of
the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141,
1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the
employment of process, or an act, to collect, recover or offset any such debt as a personal liability of
the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the
employment of process, or an act, to collect or recover from, or offset against, property of the debtor
of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the
case, on account of any allowable community claim, except a community claim that is excepted from
discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in
accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the
debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor,
whether or not discharge of the debt based on such community claim is waived.
2

5

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

"John Does" to the case as members of the corporations, with regards to stopping the pro

se litigation by amending the original complaint filed in 2008, in an effort to prevent the

plaintiff from pro se litigating the case in Florida. By including the corporations that

were administratively dissolved in 2008 in Florida and were included and disclosed in my

chapter 7 as business debt, the willful attempt to conceal or deceive the Courts with this

action is yet another violation of 11 USC § 524 and FCA and FERA by the Defendants

and adding yet another financial hardship to the Plaintiff.

## THE DEFENDANTS FAILED TO ANSWER THE SUMMONS

## ISSUED OCTOBER 16, 2009 BY THE HONORABLE COURT

## VIOLATING UNDER FED BANK R. 7012[3]

---

**Major FCA Amendments Expanding Liability** Under the FERA, the key liability sections of the FCA remain the provisions addressing false claims, false statements supporting false claims, conspiracy, and the reverse false claims and obligation provisions. These provisions have been renumbered as well as expanded to cover additional conduct. **The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G); [ . . . ] or (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.**

Many of the key changes are in the definitions, found in section 3729(b). **Elimination of Allison Engine's Intent Requirement:** Under the Supreme Court's unanimous decision in Allison Engine Co. v. United States ex rel. Sanders, 128 S. Ct. 2123 (2008), FCA liability was limited to fraudulent statements that were designed "to get" false claims paid or approved "by the Government." See FraudMail Alert No. 08-06-09. See also John. T. Boese, Civil False Claims and Qui Tam Actions §2.06[G] (3d ed. 2006 & Supp. 2009-1). The Supreme Court's interpretation in Allison Engine no longer applies after the FERA because the new conspiracy section was drafted to cover only a conspiracy "to get a false claim paid or approved." Courts had properly interpreted this language to limit the conspiracy section to apply only to violations of then-subsection 3729(a)(1), and not to violations of the reverse false claim provision. Moreover, the conspiracy section required that the government pay the false claim. The new conspiracy section, **31 U.S.C. § 3729(a)(1)(C), expands the conspiracy section to include a conspiracy to commit a violation of any other substantive section of the FCA.** The amendment also eliminates the need for the false claim to be paid or approved, and assesses liability for conspiring to commit the violation. Importantly, the word

UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

"knowingly" still does not appear in the language of the new conspiracy section, so the argument remains that a common law liability, including specific intent, is still required to prove a conspiracy under the FCA.

**Liability for Overpayments:** The amended reverse false claims liability provision in section law removes both the "to get" language and the "by the Government" limitation in section 3729(a)(2)—as well as comparable language in sections 3729(a)(3) and (a)(7). Further, it attempts to make those changes in section 3729(a)(1)(B) effective as of June 7, 2009—the date Allison Engine was decided, The Court in Allison Engine found that, without a clear link between a false claim and payment or approval by the government, the FCA would be "boundless" and become an "all-purpose antifraud statute." 128 S. Ct. at 2128, 2130. To replace this rational limitation, the FERA adds a new definition of "claim," and FCA liability will be limited only by requiring some sort of nexus to the government. The FCA now covers requests for funds to a contractor, grantee, or other recipient, if the money or property requested "is to be spent or used on the Government's behalf or to advance a Government program or interest." The legislation does not define the key terms "used on the Government's behalf" or "to advance a Government program or interest," and presumably courts will have to decide their meaning on a case by case basis. No one knows the scope. Are government funds invested in GM or AIG "advanc[ing] a Government program" so that a false claim to those entities will violate the FCA and be enforced by qui tam relators?[3] Recognizing that this new language is not very clear, Senator Kyle attempted to limit its scope: [p]revious understanding, as well as commons sense, dictate that a particular transaction does not "advance a Government program or interest" unless it is predominantly federal in character—something that at least would require . . . that the claim ultimately results in a loss to the government . . . [rather than] any garden-variety dispute between a general contractor and a subcontractor simply because the general receives some federal money. 155 Cong. Rec. S4540 (daily ed. Apr. 22, 2009) (statement of Sen. Kyl). One hopes that Senator Kyle's interpretation is accepted. Future FCA case law will determine whether and to what extent Congress succeeded in overturning Allison Engine through the FERA.

**Materiality Requirement:** In addition to the nexus to the government requirement, the FERA, at long last, specifically incorporates a materiality requirement in the False Claims Act (a position the government and relators fought, without success, for over 15 years), but it defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property," which is the "weaker" materiality standard that has been applied in some FCA cases. See John T. Boese, Civil False Claims and Qui Tam Actions §2.04 (Aspen Publishers) (3d ed. & Supp. 2009-2). How much of a difference will this make? That depends entirely on how literally courts will read this provision. Almost every violation or mistake is arguably "capable of influencing" a payment decision by the government, but many courts in the past have read this test as strongly limiting the application of the FCA. For example, despite applying this "weaker" materiality standard, at least two courts have held that violations of "conditions of participation" in a Federal healthcare program do not result in FCA violations. See United States ex rel. Conner v. Salina Reg'l Health Ctr., 543 F.3d 1211 (10th Cir. 2008); United States ex rel. Landers v. Baptist Mem'l Health Care Corp. 525 F. Supp. 2d 972 (W.D. Tenn. 2007). **Conspiracy:** Under the prior FCA, the 3729(a)(1)(G) quoted above extends new liability to "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." **Under this provision, there is no need for a person to have taken an affirmative act—a false statement or record—in order to conceal, avoid, or decrease the obligation to the government.** This new provision is even more dangerous because an "obligation" is specifically defined to include within the scope of FCA liability the retention of an overpayment from the government. The term "improperly" is intended to limit this liability, and would presumably exclude overpayments such as those under Medicaid that undergo a reconciliation process. Practitioners will be required, almost immediately after passage, to begin to advise clients whether they have received "overpayments" and the potential liability that could result from retention of such overpayments. Moreover, even though this provision is not retroactive, an overpayment is an overpayment, whether it occurred before or after May 20, 2009. The government and relators are almost certain to argue that this provision applies to overpayments made before the date of the legislation. **Expanded Definition of "Obligation":** The definition of "obligation" that triggers reverse false claims liability is expanded

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

WHEREFORE, Plaintiff Glenn R. Favre pro se Allen Scott Bennett pro se, and

Dale Capelouto pro se requests this Honorable Court award the Motion for Injunctive

Relief against the Defendant's attorneys from continuing to willfully violate the Civil

False Claims Act.

The Plaintiff request this Honorable Court Award a SUMMARY JUDGMENT in

the Plaintiff's favor for the Defendant willful violations of the Discharge Order under

section 727 and show the Defendant what the actual affects of 11 USC § 524, calculated

from the Tier 3 violations. Total fines of $1,000,000.00 per day, concurrent restitution

paid through "The Fund", held by the Untied States Treasury.

---

to encompass "an established duty, whether or not fixed" that arises from a contractual, grantee,
licensee, or fee-based relationship, from a statute or regulation, or from the retention of any
overpayment. According to government statements, this is intended to overturn, among other cases,
the Sixth Circuit's decision 10 years ago in United States ex rel. American Textile Manufacturers
Institute, Inc. v. The Limited, Inc., 190 F.3d 729 (6th Cir. 1999) ("ATMI"), which defined
"obligation" to include only established obligations to pay money to the government. In addition to
extending new liability to the retention of overpayments, this expanded definition seeks to extend
liability to duties to pay fees that were not covered previously because they were not fixed in all
particulars. Whether much of an expansion is actually achieved under this provision remains to be
seen because even the DOJ concedes that the new language is not intended to extend FCA liability to
penalties or fines. (The reader should note that the author represented many of the defendants in the
ATMI case.)Effective Date: Under the effective date provision in the FERA, the FCA liability
amendments would apply prospectively, with one important exception. The amendment to section
3729(a)(2)takes effect on the date that Allison Engine was decided—June 7, 2008—making that
amendment retroactive. The retroactivity of this amendment will raise a host of practical problems
in pending cases, and is almost certain to be challenged as unconstitutional because conduct which
the Supreme Court defined as outside the scope of FCA liability is, retroactively, now a violation.
Were this a normal civil statute, such retroactivity would be allowable. But the Supreme Court has
already defined the FCA as an "essentially punitive" statute. Vermont Agency of Natural Res. v.
United States ex rel. Stevens, 529 U.S. 765 (2000). Whether a clearly punitive statute can be applied
retroactively is a completely different question.    Additional FCA Amendments,    In addition to
amending the FCA's liability provisions, the FERA includes four other amendments that make recoveries
and investigations under the FCA easier. These amendments are as follows: Retaliation: The prohibition
against retaliation is expanded to include a "contractor, or agent," in addition to an employee—without
requiring prohibited retaliatory acts to be taken by an "employer." Under this unusually broad definition, a
retaliation action could be based on many different types of relationships that do not involve an
employment contract, which could lead to\ unintended consequences.

3

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

The Plaintiff request that this Honorable Court enter an award for Default

Judgment for failing to respond to the Order of Summons issued on October 16, 2009.

For the willful intent to harm, willful violations to deceive this Honorable Court,

knowingly presenting and making false and fraudulent claims, in an attempt to receive

the approval of this court to rule in their favor, in direct violation of the "Fraud

Enforcement Act" (FERA), knowingly presented false record and made false statements,

material to the Plaintiff's claim that the Defendant willfully violated this courts order in

an attempt to resolve the fraudulent claims made by the Defendants; conspired

collectively to commit the violations, as described in subparagraph (A), (B), (D), (E), (F),

and (G) and knowingly made, used, and causes to be made and used, a false record and

statements material to an obligation to pay or transmit money or property to the

Government, and knowingly conceals and knowingly and improperly avoids in an

attempt to decreases an obligation to pay or transmit money or property to the

Government.

Restitution will be calculated at 1% of each of the Defendants net Worth per

property that Plaintiff is a member of, to prove the Willful Violations of FCA, FERA, for

the Unfair and Deceptive Pattern, Practice and Trade with the intent to harm and further

asks that this Court award the Plaintiff all of his costs and any further relief which this

Court deems just and proper.   The payment of Contract Disputes Act (CDA) claims is

governed by 41 U.S.C. 612, Subsections 612(a) and 612(b).  To prove the Willful

Violations with the intent to harm under FERA AND FCA and further asks that this

Court award the Plaintiff all of his costs and any further relief which this Court deems

9

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

just and proper.

The Plaintiff further request that this Honorable Court Sanction the Defendant

Attorney Alice Huneycutt ESQ. and that of Monica Gilroy, ESQ., for violations of

section 727 and that of the affects of 11 USC § 524, for the violations of The new

sections 3729(a)(1)(A), (B), (C), and (G) and find him in accordance with Tier 3 for the

FERA and the FCA at $1,000,000.00 per day that Monica Gilroy and Alice Huneycutt.,

has allowed these violation to continue and award to the Plaintiff the funds received from

this Judicial Ruling be paid through "The Fund" held by the United States Treasury in

accordance with The payment of Contract Disputes Act (CDA) claims is governed by

41 U.S.C. 612. Subsections 612(a) and 612(b).

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

11.19.2009

Respectively Submitted

Glenn Favre pro se
110 South Columbia Drive #11
Decatur, Georgia 30030
404-373-1137

11.19.2009

Respectfully Submitted

Dale Capelouto
110 South Columbia Drive#11
Decatur Georgia 30030
4043731137

11.19.2009

Respectfully Submitted

Allen Scott Bennett
110 Northwold Drive
Atlanta Georgia 30350
6784742866

## UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

MONICA GILROY OF DICKENSON GILROY, LLC
CORPORATE COUNSEL.
SUNTRUST BANK, HOLDINGS, INC.
SUNTRUST MORTGAGE, INC.
FIDELITY NATIONAL FINANCIAL GROUP, INC.
OLD REPUBLIC NATIONAL TITLE, INC
3780 MANSELL ROAD SUITE 140
ALPHARETTA GA 30022

Alice R. Huneycutt , Esquire, STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.,
SUNTRUST MORTGAGE, INC,
SUNTRUST Financial Centre, Suite 2200
401 E. Jackson Street, P. O. Box 3299, Tampa,
FL 33601, and by facsimile to (813) 222-5089,

CHARLES K. MCKNIGHT, JR.
NATIONS, TOMAN & MCKNIGHT, LLP
1230 PEACHTREE STREET, NE
SUITE 2050
ATLANTA, GA 30309
404-266-2366
FAX : 404-266-2323
EMAIL: CMCKNIGHT@NTMLAW.COM
*LEAD ATTORNEY* THIS